## BULFIN *v.* THE STATE.

DECIDED JULY 10, 1928.

*D. K. Johnston,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

LUKE, J. The indictment in this case charged T. W. Bulfin with blackmail, in that he, verbally and in writing, charged different per-

sons with various misdemeanors,—in some instances with threatening to prosecute his victim, and in others with both arresting and threatening to prosecute him, with the intent to extort money from him. The defendant demurred to the indictment and the several counts thereof, (1) because "said indictment in its various counts sets forth no crime against the laws of Georgia, and does not with any definiteness charge this defendant with a violation of any law of Georgia;" and (2) because "said indictment is defective in that it attempts to join in the same indictment in different counts transactions at different times with different parties." The court overruled the motion for a new trial, based upon the usual general grounds, and also upon special grounds, some of them averring a failure on the part of the State to prove the venue as to some of the counts, and others insisting that the statute of limitations had run as to certain counts.

The demurrers to the indictment were properly overruled. It is not a violation of good pleading in cases like the one here for review to charge in separate counts different and distinct acts of blackmail. Each act charged is a different transaction, but of the same general nature. Each count stands as a separate indictment. The indictment was so framed that the jury could, if the evidence so authorized, legally acquit the defendant on some of the counts and convict him on others. The venue was proved, and the evidence amply authorized the defendant's conviction on the counts named in the verdict. He was a constable, and his conduct, if the evidence be true (and a jury of his fellow citizens say under oath that it is true), was most reprehensible. The jury found that the defendant charged various people with misdemeanors, and arrested some of them, for the purpose of extorting money from them, when in fact no such offenses had been committed. This kind of conduct is denounced by the law as blackmail. In the light of some of the evidence there is no merit in the assignments of error based upon the ground that some of the alleged misdemeanors were barred by the statute of limitations. The defendant has had a legal trial, and for no reason pointed out in the record did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*