22567. PARSONS v. GRIMES, Sheriff.

ARGUED JULY 13, 1964—DECIDED SEPTEMBER 11, 1964.

*Chester E. Wallace,* for plaintiff in error.

*William T. Boyd, Solicitor General, Loy M. Milam, J. Walter LeCraw,* contra.

HEAD, Presiding Justice.  Malcolm C. Parsons brought his petition for writ of habeas corpus against T. Ralph Grimes, Sheriff of Fulton County, alleging that he was illegally restrained of his liberty under an extradition warrant issued by the Governor of Georgia on the demand of the Governor of Alabama.  On June 12, 1962, in the Circuit Court of Mobile County, Alabama, Parsons entered pleas of guilty to three indictments for second degree burglary and two indictments for grand larceny.  He was sentenced to consecutive terms of imprisonment of two years each in the Alabama penitentiary on these indictments.  On June 15, 1962, he was sentenced in the United States District Court for the Southern District of Alabama to serve two and one-half years in a Federal penitentiary.  On June 19, 1962, Robert T. Ervin, Jr., Presiding Judge of the Circuit Court of Mobile County, Alabama, ordered that Parsons be "released to United States Marshal to begin serving Federal sentence first and hold to be placed with the United States Government for the defendant to begin serving sentences in States cases upon termination of Federal sentence."  On the completion of his Federal sentence at the Federal Penitentiary in Atlanta, the State of Alabama sought his return to that State for the service of the Alabama sentences.

Parsons makes two main contentions in his application for writ of habeas corpus: that he did not voluntarily leave the State of Alabama and is not a fugitive from justice from that State; and that, when the State of Alabama relinquished him to the Federal authorities without first exacting the completion of the sentences imposed by the Alabama court, the State of

Alabama waived its right to have him returned to that State for the completion of the Alabama sentences. Similar contentions have repeatedly been held to be without merit by this court. *Johnson v. Lowry,* 183 Ga. 207 (188 SE 23) ; *Brown v. Lowry,* 185 Ga. 539 (195 SE 759) ; *Scheinfain v. Aldredge,* 191 Ga. 479 (12 SE2d 868) ; *King v. Mount,* 196 Ga. 461 (26 SE2d 419) ; *Williams v. Mount,* 197 Ga. 530 (29 SE2d 704) ; *House v. Grimes,* 214 Ga. 572 (105 SE2d 745).

The trial judge properly remanded the petitioner to the custody of the Sheriff of Fulton County.

*Judgment affirmed. All the Justices concur.*