## 25581. NEAL v. SMITH, Warden.

NICHOLS, Justice. James O. Neal, while incarcerated in the State Prison at Reidsville under a life sentence for murder, imposed on May 23, 1966, filed a petition for writ of habeas corpus and a hearing was held thereon in the Superior Court of Tattnall County where the prisoner represented himself.

The trial court remanded the prisoner to the custody of the warden and it is from this judgment that the prisoner appeals. *Held:*

1. The evidence introduced on the hearing authorized the trial court to find that the court where the murder charge was heard appointed counsel with some fifteen years experience to represent the defendant, that such appointment was made approximately 60 days before the date set for trial, that during such intervening period counsel had some ten interviews with the prisoner, that he talked to numerous witnesses who would be expected to testify at the trial, that he went to and examined the scene where the body of the deceased had been left on the ground, that he talked with the prisoner's family, and that he came to the conclusion that there was a strong possibility that even the best jury that could be selected might very well return a verdict of guilty with no recommendation of mercy. After reaching such conclusion he talked to the prisoner advising him of his opinion and they reached agreement that he should talk with the prosecuting attorney and seek an agreement as to a life sentence, that he took such action and an agreement was reached and that on the date set for trial a plea of not guilty was entered by the prisoner and a consent verdict of guilty with a recommendation of mercy rendered. The present life sentence under which the prisoner is currently incarcerated was then rendered.

The above facts authorized the trial court to find against the prisoner's contentions that he was not represented by competent legal counsel prior to his conviction.

2. Under the decisions in *Massey v. Smith*, 224 Ga. 721 (164 SE2d 786), and *Clark v. Smith*, 224 Ga. 766 (164 SE2d 790), the prisoner has no standing to complain that the grand and traverse juries may have been so composed as to systematically exclude Negroes since he is a white man and makes no showing as to how he was harmed or prejudiced by the exclusion of Negroes.

3. A party to a habeas corpus proceeding who testifies is required to be sworn as a witness but an attorney at law representing a party is not required to be so sworn. Accordingly, the trial court did not err in requiring the prisoner to be sworn before permitting him to testify and in not requiring the attorney for the respondent to be so sworn.

■

4. Under the Civil Practice Act (Ga. L. 1966, p. 609; *Code Ann.* § 81A-115), parties may amend their pleadings without leave of court, and the trial court did not err in overruling the previous objection to the amendment filed by the respondent.

5. The eighth enumeration of error alleges that the trial court erred in ruling that the prisoner "relied entirely upon the case of Whiter v. U. S., 385 U. S., page 545." This statement in the opinion rendered by the trial court related only to the question of jury selection and is the leading case cited by the prisoner on such issue. The trial court did not rule that the prisoner relied entirely on such case as to all issues made by the petition for writ of habeas corpus. This enumeration of error shows no error.

6. Subpoenas were issued to several witnesses for the prisoner in accordance with his request, and served by the prisoner by certified mail, and the ninth enumeration of error complains that the trial court did not, when these witnesses did not appear at the hearing, take further action to compel their attendance. The witnesses who did not appear and whose presence the prisoner insisted upon were admittedly not tendered the mileage and per diem required for out-of-county residents before their attendance may be compelled. See Ga. L. 1966, p. 502 (*Code Ann.* § 38-801 (d)) and the provisions of Art. I, Sec. I, Par. V of the Constitution of 1945 (*Code Ann.* § 2-105) do not contemplate that the public shall bear the expense of bringing witnesses into court. Compare *Roberts v. State,* 94 Ga. 66 (21 SE 132).

(a) Moreover under the Civil Practice Act (Ga. L. 1966, p. 609 (*Code Ann. Title* 81A)), the residents of other counties could have been examined by depositions (oral examination or written interrogatories) had the prisoner so desired, and ex parte written statements tendered in evidence were properly excluded on objection.

7. It was not error to permit the introduction in evidence of written interrogatories of a witness which had been taken pursuant to the Civil Practice Act, supra, where such witness was not present in the county. *Code Ann.* § 81A-126.

8. The allegation of error contained in the thirteenth enumeration of error complaining of a remark purportedly made by the trial court is not supported by the record, and it not otherwise appearing that the previous incarceration under a lawful sentence was otherwise illegal, the trial court did not

err in remanding him to the custody of the warden of the Georgia State Prison.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970.

James O. Neal, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton,* Assistant Attorneys General, for appellee.

*Judgment affirmed. All the Justices concur.*