### 27032. CALHOUN v. CALDWELL.

Submitted February 14, 1972—Decided March 9, 1972.

Lawson Calhoun, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.

GRICE, Justice. Lawson Calhoun appeals from the denial of his petition for writ of habeas corpus by the Superior Court of Tattnall County, claiming that the life sentence he received in the Superior Court of Lanier County on November 22, 1965, based upon a plea of guilty to the charge of murder, was in violation of his constitutional rights.

1. The appellant's contentions that he pleaded guilty out of fear and force are without merit.

In concluding that the evidence failed to establish that his plea was involuntary, the habeas corpus court apparently relied upon the sentencing court record rather than the testimony of the appellant. This was entirely within the authority of the court. *Ballard v. Smith,* 225 Ga. 416, 417 (169 SE2d 329); *Laidler v. Smith,* 227 Ga. 759 (3) (182 SE2d 891).

Since the plea in this case was entered prior to the decision of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), there was a presumption in favor of the validity of the sentence and the burden of overcoming it was upon the appellant. *Sharpe v. Smith,* 225 Ga. 52 (6) (165 SE2d 656); *Laidler v. Smith,* 227 Ga. 759 (2), supra. Cf. *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892).

If the appellant had any objection, he should have made it known before the sentencing court acted thereon, rather than waiting to assert this in the habeas corpus proceeding.

2. There was likewise no error as to the appellant's contention that he did not see an attorney until the day he pleaded guilty.

Even if his testimony is accepted as fact, this would not constitute a deprivation of his constitutional rights. There is nothing in the record to show that this rendered such assistance ineffective.

3. The habeas corpus court made no error with respect to the appellant's alleged inability to obtain the criminal court records upon his request.

This allegation was never established or even referred to in the habeas corpus hearing. It thus remains merely an unsupported amendment to the original petition which was

offered to explain why no affidavits or records had been attached to his petition as required by the Habeas Corpus Act (Ga. L. 1967, pp. 835, 836; *Code Ann.* § 50-127 (2)).

For the above reasons there is no ground for reversal of the judgment in the habeas corpus proceeding.

*Judgment affirmed. All the Justices concur.*