## 27124. PATTERSON v. CALDWELL.

HAWES, Justice. Patterson's petition for the writ of habeas corpus was granted. On the hearing of his case he was remanded to the custody of the warden. He appealed.

1. He contends that the court erred in finding his imprisonment to be legal in that he had been accumulatively sentenced to 13 years imprisonment upon his conviction on a 5-count indictment charging him with possessing five forged checks in violation of the provisions of former

*Code* § 26-3911, which Code section made the possession of any false, forged, counterfeit or altered note, bill, draft or check with the intention to fraudulently pass the same a felony. A sentence of five years' imprisonment on the first count and sentences of two years' imprisonment on the other four counts of the indictment, said sentences to be served consecutively were imposed. The possession of each check, when accompanied by the requisite fraudulent intent, was a separate offense. It was within the discretion of the trial judge, upon his conviction on each count, to impose consecutive sentences upon the petitioner. *Code Ann.* § 27-2510; *Bulfin v. State,* 38 Ga. App. 358 (144 SE 15); *Murphey v. Lowry,* 178 Ga. 138 (172 SE 457); *Strauss v. Stynchcombe,* 224 Ga. 859, 868 (165 SE2d 302).

2. Upon the trial of the habeas corpus case, the judge is the trior of both the law and the facts. Accordingly, where the evidence as to what transpired upon the trial in the criminal case is in dispute a finding against the contentions of the petitioner on such issues of fact will not be disturbed where there is any evidence to support such finding. *Laidler v. Smith,* 227 Ga. 759 (3) (182 SE2d 891); *Calhoun v. Caldwell,* 228 Ga. 804, 805 (188 SE2d 498). In this case there was evidence authorizing the judge to reject the contention of the petitioner that the trial court relied upon an erroneous arrest record in imposing sentence upon the petitioner.

3. Appellant contended that the judge of the superior court who presided at his trial was prejudiced against him. No evidence in support of this contention was introduced, and, therefore, his contention in this regard was not sustained.

4. The judge did not err in remanding the petitioner to the custody of the warden and denying the writ of habeas corpus.

*Judgment affirmed. All the Justices concur, except Gunter and Jordan, JJ., who dissent.*

SUBMITTED APRIL 10, 1972—DECIDED JULY 12, 1972.

Oscar L. Patterson, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

GUNTER, Justice, dissenting. The majority opinion in this habeas corpus case holds that the appellant was properly remanded to the custody of the warden, and that the sentence given him by the convicting court (13 years on five counts of an indictment) was a legal sentence. The convicting court gave the appellant a five-year sentence on the first count of the indictment and two-year sentences on each of the other four counts, all to run consecutively. The appellant has served his five-year sentence, he contended in the habeas corpus court that the four two-year sentences were and are illegal, and that he should be released from custody.

The habeas corpus court held the four two-year sentences to have been legally imposed upon the appellant by the convicting court, and the majority has here today affirmed the judgment of the habeas corpus court. I disagree with the majority and respectfully dissent.

The appellant was convicted of possessing forged checks pursuant to *Code* § 26-3911 which in material part reads as follows: "Any person who shall have in his possession any ... forged ... check, with intention fraudulently to pass the same, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor more than 10 years."

The transcript in the convicting court shows that the appellant was arrested on October 10, 1968, and that he had in his possession eleven checks, all drawn on the same bank by the same company. He was indicted on five counts and convicted on five counts of "possessing" five separate checks. He contends that he committed only one offense or felony, that of "possessing" eleven forged checks, and that

he could not legally be sentenced for having committed five separate felonies.

We therefore get down to the meaning of our statute where it says "any forged check."

Webster's Seventh New Collegiate Dictionary, copyright 1971 by G. & C. Merriam Co., defines the word "any" as follows: (1) One or some indiscriminately of whatever kind; (2) One, some, or all indiscriminately of whatever quantity; (3) Unmeasured or unlimited in amount, number or extent.

It is quite clear to me under this statute that if a person "possesses" any forged check or checks that he has committed one felony; if he "possesses" five forged checks he has not committed five felonies; if he "possesses" eleven forged checks he has not committed eleven felonies.

"Possession" is quite different from "uttering" or "passing," because the former is one act alone, and the latter two constitute separate acts or transactions.

The majority opinion, in support of its position, relies primarily on two cases. *Bulfin v. State,* 38 Ga. App. 358 (144 SE 15) (1928) and *Strauss v. Stynchcombe,* 224 Ga. 859 (165 SE2d 302) (1968). However, as I see it, neither of those cases controls the case at bar. In *Bulfin* the accused was charged with separate acts of blackmail against separate individuals. Those were separate transactions against different people at different times, and each transaction was properly a separate crime in a separate count of the indictment returned. In *Strauss* each count of the indictment charged the accused with defrauding a separate and distinct person in a separate and distinct transaction of a stated amount of money. There the appellant had been properly convicted of separate transactions which constituted separate offenses against different people. Neither of these cases is authority for holding that "possession" of a number of checks constitutes a number of crimes.

The case of *Murphey v. Lowry,* 178 Ga. 138 (172 SE 457) (1933), also cited in the majority opinion, has merely to do with the power of the courts to require sentences to be served consecutively where the accused has been legally

convicted of separate offenses.

In 24B CJS 603, 606, § 1990 we find the following: ". . . If the several offenses are the same, as where they arise out of the same transaction, separate punishments for each may not be imposed."

In *Mobley v. State,* 101 Ga. App. 317, 326 (113 SE2d 654) (1960) we find the following: "In multi-count indictments such as that here, it is important to determine whether the counts refer to separate transactions or to the same transaction. In *Tooke v. State,* 4 Ga. App. 495, 503 (61 SE 917) it is stated: 'Where the indictment relates to a sole transaction, and the pleader, not being certain as to the exact manner in which he shall be able to prove that the crime was committed, yet knowing that if he describes the offense with alternative or ambiguous allegations he renders the indictment subject to demurrer for duplicity, resorts to the fiction of charging that the defendant has committed a number of crimes, all in fact the same, yet varying in detail—that is, charges the same offense in different counts, as if it were a number of transactions—the court on the trial of the case, and the appellate tribunal on a review of it, largely disregard the fiction and look to the substance, and not the form of the charge. Hence if the defendant is convicted generally—that is to say on all of the counts—the court imposes but a single sentence; or (under the former practice in England and under the present practice in some of the States) meets fiction with fiction, and imposes several sentences, but makes them run concurrently."

I am of the opinion that the possession of eleven checks was one felony—not five felonies—and not eleven felonies. The sentences imposed for the four additional felonies in this case were illegal sentences.

I would reverse the judgment of the habeas corpus court and direct that the appellant be discharged from custody.

I respectfully dissent.

I am authorized to state that Justice Jordan joins me in this dissent.