## 27121. DAVIS v. THE STATE.

GUNTER, Justice. The appellant was convicted in the trial court of armed robbery and kidnapping. He filed a motion for a new trial, which he amended, and the trial judge overruled the motion as amended and each and every ground thereof.

The appeal is from that judgment, and four errors are enumerated.

1. The first complains of the trial judge's failure to grant a mistrial. In his opening statement to the jury the prosecuting attorney said: ". . . You are only concerned at this stage of the trial with the issues of guilt or innocence. That if you find the defendant guilty beyond a reasonable doubt, on a charge, or on both charges, then you would have a further opportunity to hear additional evidence, and from either side, and at that point you will then consider the sentence." Appellant's contention is that the State had no right at that time to make any comment whatsoever about some other evidence or even to state that other evidence would be introduced at the punishment phase of the trial; that such comments were intended to prejudice the jury by indicating to the jury that the accused had a previous record.

The trial judge overruled the motion for a mistrial. We have reviewed the transcript, and we are of the opinion that he properly did so.

2. Enumeration No. 2 complains that the trial court committed error in allowing a Mr. Simmons and a Mr. Jordan to testify during the second step or punishment proceeding since no notice had been given appellant's counsel prior to trial that their evidence would be introduced.

*Code Ann.* § 27-2534 provides in part that "only such evidence in aggravation as the State has made known to the defendant prior to this trial shall be admissible." The appellant was given notice of the previous convictions which the State intended to use against him during the punishment hearing. The testimony of the two witnesses

merely identified the accused as the same person referred to in the records of previous conviction. The admission of their testimony during the punishment phase of the trial was not erroneous. Our statute is not to be interpreted to mean that the testimony of a witness connecting the accused who has already been found guilty with records of prior convictions cannot be introduced when the accused was duly notified that the records of prior convictions would be used in the second phase proceeding.

3. Enumeration No. 3 complains of the admission of testimony by Police Captain Jordan during the punishment proceeding on the ground that this testimony was hearsay, was highly prejudicial, and that the State could not show the appellant's bad character by going into specific acts committed by him. This enumeration also contends that a mistrial should have been granted by reason of the admission of the Police Captain's testimony.

Captain Jordan's testimony concerned a former conviction of the appellant in Fulton Superior Court. Evidence of that conviction was introduced and admitted. The testimony of the witness described how that crime had been carried out. The testimony was not hearsay, and the hearsay objection was not even made until after the witness had completed his testimony and left the stand. The testimony described the specific act for which the accused had been previously convicted. This was entirely different from the type of specific act proscribed in *Horton v. State,* 228 Ga. 690 (187 SE2d 677). The third enumeration of error is without merit.

4. Enumeration No. 4 complains of the admission in evidence during the punishment proceeding of State's Exhibit No. 15 (convictions of the defendant previously in the State of Florida) on the ground that it was not properly certified and exemplified as required by law.

The crux of this complaint is that Exhibit 15 was certified and authenticated by a Florida prison official and his clerk and attested by a Florida judge and the clerk of his

court but was not certified and authenticated by the proper officers of the convicting court.

Our statute (*Code Ann.* § 27-2534) provides that at the sentence hearing the jury shall hear additional evidence "including the record of any prior criminal convictions."

This language does not mean that the "record" must be that of the convicting court; the record of a prison, kept in the ordinary course of its operations, showing that a person has been confined in that prison for having committed a crime is a record of prior conviction of a crime as contemplated by the language contained in our statute. Prison records pertaining to a person who has been found guilty, showing that such person has previously been confined in that prison for the commission of a crime or crimes, are admissible at the pre-sentence hearing when such records are properly certified and authenticated, as was Exhibit 15 in this case.

There was ample evidence in the record to sustain the verdicts of guilty and the sentences imposed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 11, 1972—DECIDED SEPTEMBER 7, 1972—REHEARING DENIED OCTOBER 5, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, James H. Mobley, Jr., Joel M. Feldman, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Dorothy T. Beasley, Assistant Attorneys General,* for appellee.