## 27313. NOLLEY v. CALDWELL.

NICHOLS, Justice. 1. "It is well settled by decisions of this court that the constitutional right of counsel does not apply in a habeas corpus proceeding, which is not a criminal prosecution, and the Sixth Amendment to the United States Constitution (*Code* § 1-806), and Art. I, Sec. I, Par. V of the Constitution of Georgia (*Code Ann.* § 2-105), providing that in all criminal prosecutions the accused shall have the privilege and benefit of counsel, have no application in this case. See *Croker v. Smith,* 225 Ga. 529 (1) (169 SE2d 787); *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10)." *Hatton v. Smith,* 228 Ga. 378 (3) (185 SE2d 388).

2. No question being raised in the trial court before the hearing as to the prisoner's inability to obtain a transcript of the prior criminal conviction, the enumeration of error seeking to raise such issue here is without merit. Compare *Calhoun v. Caldwell,* 228 Ga. 804 (3) (188 SE2d 498).

3. Under decisions exemplified by *Patterson v. Caldwell,* 229 Ga. 321 (191 SE2d 43), the conviction of the prisoner on several indictments of possession of forged checks, each check being separately alleged and described, and the sentences being made to run consecutively shows no ground for the grant of release on petition for writ of habeas corpus. See also *Johnson v. Smith,* 227 Ga. 611 (182 SE2d 101).

4. "A habeas corpus proceeding is not a criminal prosecution (*Croker v. Smith,* 225 Ga. 529 (169 SE2d 787); *Cash v. Smith,* 226 Ga. 318 (175 SE2d 10)), and the law does not require the court to subpoena witnesses at the request of the petitioner for habeas corpus. *Neal v. Smith,* 226 Ga. 96 (6) (172 SE2d 684)." *Johnson v. Smith,* 227 Ga. 611, 614, supra.

5. Where a separate hearing is held outside the presence of the jury and the court finds from the facts there adduced that statements made by the defendant were made only

after an intelligent waiver of the right to counsel, etc., and where the same evidence of waiver is presented to the jury, it is not error to admit such statements on the trial of the defendant and the admission of such evidence is not ground for a writ of habeas corpus after conviction. As to the admissibility of such evidence see *Sullivan v. State,* 223 Ga. 643 (5) (157 SE2d 247).

6. A ground of petition for writ of habeas corpus which seeks to have reviewed the sufficiency of the evidence on the trial wherein the defendant was convicted presents nothing for decision.

7. Under decisions of this court exemplified by *Thornton v. State,* 226 Ga. 837 (178 SE2d 193); *Lee v. Smith,* 227 Ga. 503 (181 SE2d 364) and *Evans v. State,* 227 Ga. 571, 576 (181 SE2d 845), the instructions to the jury on the prisoner's trial relating to alibi show no error.

8. The enumeration of error complaining of prejudicial remarks made by the trial judge during his instructions to the jury is not supported by any argument or by any reference to such alleged prejudicial remarks in the court's instructions to the jury. However, a review of such charge in its entirety discloses no such prejudicial remarks.

The trial court did not err in remanding the prisoner to custody.

*Judgment affirmed. All the Justices concur, except Hawes, Gunter and Jordan, JJ., who dissent.*

Submitted July 10, 1972—Decided September 8, 1972.

George M. Nolley, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

Gunter, Justice, dissenting. Division 3 of the majority opinion holds that the appellant was legally convicted of having committed six crimes by having had in his posses-

sion six forged checks at the time he was apprehended. The case of *Patterson v. Caldwell,* 229 Ga. 321, is cited as authority for so holding, and in that case I dissented. Being of the opinion that "possession" of any forged check or checks constitutes only one crime, I likewise dissent in this case.

Former *Code* § 26-3911 was involved in the *Patterson* case, and that statute was repealed effective July 1, 1969. A majority of the court in that case construed that statute to mean that the possession of five forged checks constituted five separate crimes. Believing that "possession" was the gravamen of the conduct proscribed by that statute, I dissented; that statute said that the possession of any forged note or check constituted a crime, and to me the word "any" means one or more; therefore, the possession of 11 forged checks constituted only one crime under that statute.

Today this court construes *Code Ann.* § 26-1702 which defines forgery in the second degree. This statute became effective July 1, 1969. The conduct proscribed by this statute is possession of "any writing . . . with the intent to defraud."

In the case at bar the appellant uttered, delivered, or passed one forged check at a motel, and when he was apprehended some hours later he had six other forged checks in his possession. All seven checks were drawn by the same company to the same payee.

Appellant was convicted of forgery in the first degree, passing a forged check with intent to defraud, as defined in *Code Ann.* § 26-1701. He was also convicted of six crimes of forgery in the second degree, possession of any writing with intent to defraud, as defined in *Code Ann.* § 26-1702. It is my position that he committed one crime of forgery in the first degree and only one crime of forgery in the second degree; and that his convictions of five other crimes of forgery in the second degree were illegal convictions.

If *Code Ann.* § 26-1702 is interpreted to mean that the "possession" of six forged checks constitutes six separate crimes, then it is my opinion that this statute violates the

due process clause of both the Georgia Constitution and the United States Constitution.

It is elementary that a criminal statute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by that statute. No person should be held criminally responsible for conduct which he could not reasonably understand to be prohibited by the statute. To me it seems that an average person reading this statute would conclude that the possession of any forged check (1 or more) would constitute one crime, and that the possession of one hundred forged checks would not constitute one hundred crimes.

If my analysis of this statute is correct, then a person would not have fair warning that he could be convicted of having committed one hundred crimes by having possessed one hundred forged checks.

In the case of Bouie v. City of Columbia, 378 U. S. 347, 352 (84 SC 1697, 12 LE2d 894) (1964), the court said: "There can be no doubt that a deprivation of the right of fair warning can result not only from vague statutory language but also from an unforeseeable and retroactive judicial expansion of narrow and precise statutory language . . . Indeed, an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Art. I, Sec. X of the Constitution forbids . . . When a similarly unforeseeable State-court construction of a criminal statute is applied retroactively to subject a person to criminal liability for past conduct, the effect is to deprive him of due process of law in the sense of fair warning that his contemplated conduct constitutes a crime."

*Code Ann.* § 26-1702 should not be interpreted to mean that the "possession" of several forged checks constitutes several crimes; if it is so interpreted, then it did not give fair warning that such "possession" would subject a person to being convicted of more than one crime; and by its failure to give such warning, the person convicted of more than one crime by having "possessed" more than one forged check would be denied due process of law.

In this case I would hold that the appellant was legally convicted of one crime of forgery in the first degree and one crime of forgery in the second degree and that the other five convictions of forgery in the second degree were illegal.

I also dissent from Division 7 of the majority opinion which upholds the charge on alibi given in this case. I am of the opinion that the charge given was a burden-shifting charge violative of due process under the Georgia and Federal Constitutions. Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21 LE2d 415) (1968); Bennett v. Stump, 393 U. S. 1001 (89 SC 483, 21 LE2d 466) (1968).

I respectfully dissent. I am authorized to state that Justice Jordan joins me in this dissent and that Justice Hawes joins me as to Division 7.