## 27427. CRAWFORD v. CALDWELL.

HAWES, Justice. On the trial of a habeas corpus case, the judge is the trior of both the law and the facts, and his decision on issues of fact, if supported by any evidence,

will not be disturbed on appeal. *Ballard v. Smith,* 225 Ga. 416 (1) (169 SE2d 329); *Anglin v. Caldwell,* 227 Ga. 584 (182 SE2d 120); *Nelson v. Smith,* 228 Ga. 117 (2) (184 SE2d 150). Where, as in this case, a habeas corpus petitioner bases his complaint upon the contention that at the time he decided to plead guilty to the offense set forth in the indictment under which he was sentenced, he did so under coercion which arose from the trial judge reading his past record and the indictment in the presence of prospective jurors and also because his appointed counsel expressed inability to defend him in a jury trial; and, where he supports such contentions on the trial of the case solely by his own testimony, which testimony is contradicted by the testimony of the attorney who was appointed to represent him on the trial of the case and by the transcript of the guilty plea hearing, the habeas corpus court could in its discretion give credit to the testimony of the attorney taken upon written interrogatories and to the transcript of the guilty plea hearing, a copy of which was duly certified and introduced into evidence in the habeas corpus hearing, and find in accordance with that evidence rather than in accordance with the testimony of the petitioner. Accordingly, there was evidence supporting the finding and judgment of the habeas corpus court remanding the petitioner to the custody of the warden, and no cause for a reversal of that judgment is shown.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 12, 1972—DECIDED DECEMBER 4, 1972.

Robert C. Crawford, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.