### 48153. RAUTENSTRAUCH et al. v. THE STATE.

BELL, Chief Judge. The defendants were indicted for the possession of marijuana. Their general demurrers to the indictment, motions to suppress evidence and for discovery were overruled. A certificate of immediate review was granted.

1. In Georgia there is no statute nor any rule of practice allowing pretrial discovery and inspection of evidence, and possession of evidence, by defendant or his counsel. *Blevins v. State,* 220 Ga. 720 (2) (141 SE2d 426); *Cummings v. State,* 226 Ga. 46 (1) (172 SE2d 395); *Whitlock v. State,* 124 Ga. App. 599 (2) (185 SE2d 90). The trial court properly denied the defendants' motion for discovery.

2. The defendants filed general demurrers to the indictment on several grounds. The indictment reads in part: "On the 6th day of September, 1972. . . then and there had in their possession marijuana, a depressant or stimulant drug." Code Ann. § 79A-1105 provides that the state is not required in any indictment charging a violation of Title 79A to negative any exception, excuse, proviso, or exemption contained in Title 79A, (the exceptions, exemptions, etc., permit certain persons to lawfully have in their possession prohibited drugs and narcotics). Whether an individual has a license or is otherwise lawfully permitted to have in his possession marijuana as enumerated in various sections of Title 79A is a matter of defense and not an element of the offense. See *Ezzard v. State,* 229 Ga. 465 (3) (192 SE2d 374); *Johnson v. State,* 230 Ga. 196 (4) (196 SE2d 167). The defendants also contend that Code Ann. § 79A-1105 is unconstitutional. This issue was not raised or ruled on in the lower court and cannot be decided by this court or the Supreme Court. *Mason v. Town of Berlin,* 128 Ga. App. 177 (196 SE2d 181). All other grounds of the demurrers have no merit and they were properly overruled.

3. Augusta police officers, during the nighttime, were conducting a surveillance of a house in that city. They had received previous information that drugs were to be brought to this dwelling. The

officers stationed themselves in an unpaved lane to the rear of the house. A Pontiac automobile drove up to the side of the house. The occupants of the car, a man and woman, walked towards the house and the male handed a small package to a female. They walked to the front door. There was a bright light above the door and the male person was recognized by one of the officers as defendant Rautenstrauch due to a previous arrest of this defendant by the officers for possession of marijuana. Rautenstrauch was then carrying the package. After they entered the house one of the police officers stationed himself next to the house, looked through the window, and overheard a conversation. He testified that he heard someone state that the package contained "good marijuana." Shortly thereafter, two other males came and entered and told the occupants that they had seen the police officers' car outside. The lights in the dwelling were then extinguished and all the occupants began to leave. The two who had arrived in the Pontiac came out of the house with the same package that they had carried in, got into their vehicle and drove off. The police officers gave pursuit and stopped the car. The occupants (the defendants) and the car, were searched. The package found in the car appeared to contain marijuana. The officers had no warrant to search the dwelling, nor warrants to arrest the defendants. The police, by stopping the defendants, effected an arrest of their persons as there was a curtailment of their locomotion. *Davidson v. State,* 125 Ga. App. 502 (188 SE2d 124). The search and seizure here was lawful if it was incident to a lawful arrest. Code Ann. § 27-301. The overheard statement that the package contained marijuana coupled with defendants' flight, armed the police with probable cause to believe that the defendants had then in their possession marijuana and were attempting to escape. The act of one officer in surreptitiously going upon the premises of another and overhearing the conversation of the occupants of this house was lawful. A police officer in the performance of his official duties in ferreting out offenders of the law is authorized by amended Code § 26-3004 to go upon the premises of another or any private place and eavesdrop upon the conversations of others. The defendants on appeal and again for the first time challenge the constitutionality of amended Code § 26-3004. As stated in Division 2, this constitutional question presents nothing for decision. The police here had authority to arrest the defendants without warrants and as incident thereto search their persons

and the car. Code §§ 27-207, 27-301. It was not error to overrule the motion to suppress.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED APRIL 30, 1973 — DECIDED JUNE 15, 1973 — REHEARING DENIED JULY 17, 1973.

*Charles Marchman, Jr.,* for appellants.

*J. Bacheller Flythe,* for appellee.