28122. PHILLIPS v. STYNCHCOMBE.

Submitted July 27, 1973 — Decided November 9, 1973 —
Rehearing denied November 29, 1973.

Leon Dean Phillips, *pro se.*

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, James M. Mobley, Jr., Arthur K. Bolton, Attorney General,* for appellee.

Grice, Presiding Justice. Leon Dean Phillips, also known as Ronald Davis, appeals from the denial of three habeas corpus petitions by the Superior Court of Fulton County.

One petition (No. 1555) alleged in substance as follows: (1) that the appellant was in the custody of the respondent Leroy N. Stynchcombe, Sheriff of Fulton County, by virtue of two consecutive 20 year sentences arising from his August, 1971, convictions for robbery and kidnapping in the superior court of that county; (2) that he was taken against his will to Kentucky to stand trial in September, 1972; (3) that he was returned to the respondent's custody in November, 1972; and (4) that as a result his Georgia sentence is satisfied and he is entitled to release.

The other two petitions (Nos. 1473 and 1479) challenged the appellant's confinement in the Fulton County jail under the authority of the 1971 armed robbery and kidnapping convictions and sentences. These convictions were affirmed by this court in *Davis v. State,* 229 Ga. 509 (192 SE2d 253).

The allegations in Nos. 1473 and 1479 were in essence that the appellant's present confinement was illegal because he was denied due process in the following particulars: (1) he was denied a

commitment hearing prior to his trial; (2) he was not notified of the charges against him prior to trial; (3) he was not notified of the witnesses to be used against him and was not allowed to record their testimony prior to trial; (4) he had ineffective assistance of counsel; and (5) the prosecution submitted to the jury in aggravation of sentence a prior conviction for robbery although it knew that this conviction had been reversed by a United States District Court. Upon the habeas corpus hearing the petitioner further alleged (6) that a robbery conviction arising in Florida and also used in aggravation of punishment at the sentencing phase of the trial was reversed by a United States District Court in Florida; and (7) while the prosecution attempted to show that he had been convicted twice for escape, there was in fact only one such conviction.

After hearing evidence the habeas corpus court denied the petitions upon each and every ground.

There are eight enumerations of error upon appeal.

■ Under the circumstances here, the habeas corpus court properly ruled that the appellant was not entitled to a commitment hearing.

That court did not determine whether the appellant had in fact been denied a commitment hearing. Rather, it was of the opinion, expressed upon the respondent's motion to dismiss the petition, that even assuming he could substantiate his claim of denial of a commitment hearing, such would not void his conviction. The holding of a commitment hearing is not a requisite to a trial for commission of a felony.

We agree. See in this connection *Holmes v. State,* 224 Ga. 553, 556 (163 SE2d 803); *Smith v. Brown,* 228 Ga. 584, 585 (187 SE2d 142); *Burston v. Caldwell,* 228 Ga. 795 (3) (187 SE2d 900); *Hilliard v. Ballard,* 229 Ga. 305 (191 SE2d 74); *Thrash v. Caldwell,* 229 Ga. 585 (1) (193 SE2d 605). The decision in *Manor v. State,* 221 Ga. 866 (148 SE2d 305) is essentially different. It dealt with a coerced waiver of commitment hearing.

We know that cross examination of the state's witnesses at a commitment hearing often results in an accused obtaining valuable information for trial of the case. However, it should be remembered that the purpose of a commitment hearing is to authorize the keeping in custody of one accused with probable cause of committing a crime until the grand jury determines whether he should stand trial. See Code § 27-407; *Cannon v. Grimes,* 223 Ga. 35, 36 (153 SE2d 445); *Smith v. Brown,* 228 Ga. 584,

585, supra.

The federal courts share the view which we take. They hold that an accused has no constitutional right to a preliminary hearing. See Dillard v. Bomar, 342 F2d 789, 790 (6 Cir.); Woods v. Texas, 404 F2d 332 (5 Cir.).

The appellant did not raise this issue upon his criminal trial or appeal. He does not allege here and nothing in the record shows that he asked for and was denied a commitment hearing prior to his indictment by the grand jury. Since he has been indicted, tried and convicted, however, no useful purpose could now be served by remanding his case for a finding as to whether there was a commitment hearing. This fact does not affect the legality of his present detention, which is the only issue in a habeas corpus hearing. *Johnson v. Plunkett,* 215 Ga. 353 (5) (110 SE2d 745); *Ballard v. Smith,* 225 Ga. 416 (4) (169 SE2d 329); *Thrash v. Caldwell,* 229 Ga. 585 (1), supra.

■ The appellant failed to present any evidence in support of his contention that he was not notified of the witnesses to be used against him prior to trial or to record their testimony.

However, the trial transcript, which was admitted in evidence at the habeas corpus hearing, shows from statements of both the assistant district attorney and the appellant's counsel that a list of witnesses was furnished to the appellant, and there was no evidence to the contrary.

The habeas corpus court correctly found that there was no authority to support the appellant's contention that he should have had an opportunity to cross examine witnesses and record their testimony prior to trial.

There is no merit in this enumeration.

■ There is likewise no validity in the appellant's enumeration that he was entitled to be "formally" informed of the charges against him prior to trial other than by indictment.

He presented no evidence that he did not know of the charges against him. His criminal trial attorney testified that he was appointed to represent him some time prior to the date of the trial and that he had at least one discussion concerning the case with him at the Fulton County Jail.

The habeas corpus court found that the evidence did not support the appellant's contention in this regard, and his findings will not be disturbed where there is evidence to support them. *Williams v. Caldwell,* 229 Ga. 453 (1) (192 SE2d 378) and cits.; *Crawford v. Caldwell,* 229 Ga. 809 (194 SE2d 470) and cits.

■ The habeas corpus court properly found that the allegations of ineffective and incompetent counsel were not substantiated.

The habeas corpus judge, who also presided at the criminal trial, found that "a review of the trial transcript shows that petitioner's counsel provided diligent and vigorous representation," and that appellant's allegations in this regard "are an afterthought arising after an adverse verdict and without merit."

We agree.

Appellant's arguments in support of this ground are an attempt to raise the sufficiency of the evidence and present nothing for decision upon petition for the writ of habeas corpus. See in this connection, *Nolley v. Caldwell,* 229 Ga. 441 (6) (192 SE2d 151); *Martin v. Ault,* 229 Ga. 594 (193 SE2d 613).

■ The appellant's contention that he was not properly notified prior to his trial of evidence and witnesses the state intended to submit in aggravation of his sentence cannot be sustained.

The habeas corpus court found from the evidence presented at that hearing that the criminal court prosecutor furnished appellant's counsel a list of prior convictions intended to be introduced at the sentencing hearing in the event of a guilty verdict; and that the criminal trial transcript indicated that this notice was given "prior to joining issue."

The criminal trial prosecutor testified at the habeas corpus hearing that he learned just before trial that the appellant, who was tried under the name Ronald Davis, had a record of prior convictions under the name of Leon Dean Phillips; and that at his direction a list of these prior convictions was supplied to appellant's counsel prior to trial. A copy of this list was admitted in evidence upon the habeas corpus hearing and appellant's criminal trial counsel stipulated that it was the list he had received prior to trial.

The contention as to inadmissible testimony of witnesses was decided adversely to appellant on the direct appeal. *Davis v. State,* 229 Ga. 509 (2, 3), supra. That opinion further states that the appellant was "duly notified" that prior convictions would be used in the sentencing proceedings.

Therefore, in light of the fact that no issue of vague or improper notice was raised until this appeal, we find no error entitling the appellant to habeas corpus relief upon this ground.

■ We come now to the appellant's sixth enumeration of error, that reversed convictions were improperly introduced in aggravation of sentence.

(a) The appellant urges that the state introduced a Fulton County robbery conviction which it knew had been vacated by order of the United States District Court, Northern District of Georgia, on his petition for federal habeas corpus.

From the evidence the habeas corpus court found in substance that the appellant failed to carry the burden of proof as to this allegation; and that the federal court order did not vacate the judgment and sentence in the armed robbery conviction because the order does not relate the indictment number or the charge involved, referring only to a *"jury* conviction," *"trial"* and *"retrial,"* while that case was disposed of by a counseled plea of guilty, not by a trial.

We agree.

Even assuming that the federal court order had vacated the conviction which was introduced in aggravation of sentence upon the criminal trial, the evidence presented upon the habeas corpus hearing construed most favorably for the appellant shows that his attorney was given the list of prior convictions just before issue was joined and that the appellant knew of the federal court order at the time of his trial in August of 1971. His contention that the prosecutor knew that the conviction had been reversed is unsupported by any evidence.

It should also be noted that this issue was raised by the appellant upon motion for rehearing in the direct appeal (*Davis v. State,* 229 Ga. 509, supra), which was unanimously denied by this court on October 5, 1972. It is well settled that habeas corpus "cannot be used as a substitute for appeal or other remedial procedure for the correction of errors and irregularities; nor can it be used as a second appeal for such purpose... [Cits.]" *Poss v. Smith,* 228 Ga. 168 (184 SE2d 465).

(b) Upon the habeas corpus hearing the appellant stated that a Florida robbery conviction used by the state for purposes of aggravating his sentence had been reversed by the United States District Court, Middle District of Florida, Jacksonville Division.

An uncertified copy of an opinion of that court dated July 29, 1965, finding that the appellant "did not competently and intelligently waive his right to the assistance of counsel before the court . . . ," and vacating the conviction and sentence thereunder, was admitted in evidence.

A copy of this conviction and sentence was introduced in evidence at the appellant's criminal trial in State's Exhibit No. 15. However, this exhibit also showed that on October 20, 1965, the

appellant, while represented by counsel, pled guilty to the same charges and was sentenced "with credit for all time on former sentences in this case . . . ."

The confusion surrounding this Florida conviction arises from the fact that State's Exhibit No. 15 was a certified and authenticated copy of the appellant's *prison records* consisting of some 25 pages. However, on direct appeal we expressly affirmed this procedure. *Davis v. State,* 229 Ga. 509 (4), supra.

While it would have been preferable for the state to delete all extraneous material from its exhibit, this was not requested by the appellant. We therefore find no violation of his rights entitling him to habeas corpus relief in this regard.

(c) The appellant also contended upon the habeas corpus hearing that he was convicted of escape only once while the prosecution attempted to show at the sentencing phase in the criminal trial that he was convicted twice of escape.

Included in the criminal trial record as part of State's Exhibit No. 15 are two convictions of escape, one dated November 27, 1961, in the Circuit Court of Union County, Florida, and another in that same court dated May 25, 1964.

No contrary showing has been made by the appellant. Consequently, this ground cannot be sustained.

■ In our view the habeas corpus court correctly dismissed the petition in No. 1555. This court has repeatedly held that a state does not waive its right to have a prisoner returned to complete his sentence by temporarily relinquishing him to the authorities of another jurisdiction prior to the completion of the Georgia sentence. See, e. g., *Parsons v. Grimes,* 220 Ga. 231 (138 SE2d 306) and cits.

■ There is no merit in the appellant's final enumeration, that the habeas corpus court erred in not subpoenaing all the witnesses requested by him and by not subpoenaing those who did appear with duces tecum as requested.

From the transcript of the hearing it is clear that the court inquired several times as to whether the appellant desired more witnesses or evidence, and that the appellant indicated that he did not. The request to call his co-defendant as a witness in regard to the absence of a commitment hearing was properly denied. That issue was removed upon the granting of the respondent's motion to dismiss, which was affirmed in Division 1, supra.

Furthermore, " 'A habeas corpus hearing is not a criminal prosecution [cits.], and the law does not require the court to

subpoena witnesses at the request of the petitioner for habeas corpus. [Cits.]' "*Nolley v. Caldwell,* 229 Ga. 441 (4), supra.

We find no error in the proceedings.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Gunter and Ingram, JJ., who dissent from Division 1 and the judgment.*

GUNTER, Justice, dissenting. I am in disagreement with the majority opinion on two essential grounds.

Division 1 of that opinion asserts that the habeas corpus court did not determine whether the appellant had in fact been denied a commitment hearing. I think it was the duty of the habeas corpus court to determine whether the appellant was in fact denied a commitment hearing. If an accused seeks a commitment hearing, is denied a commitment hearing, and has not intelligently, knowingly, and voluntarily waived a commitment hearing, then such denial is, in my opinion, a denial of procedural due process of law.

The majority opinion in Division 1 also makes the following unequivocal pronouncement: "The holding of a commitment hearing is not a requisite to a trial for commission of a felony." I am in disagreement with this pronouncement because under the law of Georgia if an accused seeks a commitment hearing, and does not waive such a hearing, then such a hearing is a requisite for a criminal trial in this state. It is my position that where a commitment hearing was sought, not waived, and denied, a trial court is without jurisdiction to try the accused unless a grand jury indictment was returned within seventy-two hours after the arrest of the accused.

I will attempt to explain my reasons for taking this position. In 1956 the General Assembly enacted a statute which conferred upon every accused and arrested person procedural rights that I consider to be mandatory upon the state in the absence of a waiver by the accused party. Ga. L. 1956, p. 796 (Code Ann. §§ 27-210, 27-212).

Code Ann. § 27-210 provides as follows: "Every officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the person authorized to examine, commit or receive bail and in any event to present the person arrested before a committing officer within seventy-two hours after arrest. The arresting officer shall notify the accused as to when and where commitment hearing is to be held. The offender who is not notified of the time and place of the commitment hear-

ing, before the hearing, shall be released."

Code § 27-212 provides that a person arrested without a warrant shall not be held in jail more than forty-eight hours unless the arrested person is presented before an officer authorized to receive an affidavit and issue a warrant.

I consider these two requirements to be mandatory upon the state. They were enacted for the protection of all persons accused of crime and arrested within this state.

With the exception of the case of *Manor v. State,* 221 Ga. 866 (148 SE2d 305), it seems to me that this court has totally ignored the meaning and the intention of this 1956 statute. See the cases cited in the majority opinion to the effect that the holding of a commitment hearing is not a requisite to a trial for commission of a felony. The majority opinion attempts to distinguish *Manor v. State,* but I can see no distinction between a "coerced waiver" and "no waiver at all."

The *Manor* opinion concluded as follows: "All the proceedings in this case beginning with the commitment hearing and including indictment, trial, verdict and sentence of the court are nugatory and are hereby declared null and void. The court is directed to quash the indictment, set aside the verdict and judgment; and the defendant must be furnished with counsel, if he is without counsel, and must be given a commitment hearing, if he desires such, and the case may then proceed through the processes of law of bringing him to trial by indictment of a grand jury."

A commitment hearing before a court of inquiry is a most valuable right to one accused of a crime in this state. Code § 27-403 provides that both the accused and the prosecutor shall be afforded a reasonable time to prepare for a commitment hearing. Code § 27-404 provides that a court of inquiry shall have power to compel the attendance of witnesses. Code Ann. § 27-405 provides that the court of inquiry shall hear all legal evidence "submitted by either party." Code § 27-414 provides that the accused person, bound over or committed for trial, may apply to the committing officers or clerk of the trial court to which he is committed for trial and obtain subpoenas for such witnesses as he may deem material for his defense. Code § 27-422 provides: "No prisoner shall be discharged on a writ of habeas corpus because of informality in the commitment or of the proceedings prior thereto, *provided the foregoing provisions of this chapter have been substantially complied with.*"

All of these statutes make a commitment hearing and the

manner in which a commitment hearing is conducted a most valuable right to an accused person in the criminal procedure of this state. And where a commitment hearing is not knowingly, intelligently, and voluntarily waived by the accused person, and where a grand jury indictment is not returned against the accused person within seventy-two hours after his arrest, the failure of the state to hold a commitment hearing before a court of inquiry amounts, in my opinion, to a denial of due process of law under both the Georgia and Federal Constitutions. Code Ann. § 27-210 is a statutory mandate conferring a valuable procedural right upon an accused, and the denial of this right is to ignore and make meaningless "the law of the land."

I would reverse this judgment and direct the habeas corpus court to determine whether there was a knowing, intelligent, and voluntary waiver of a commitment hearing in this case. In any event, I do not subscribe to the majority opinion's pronouncement that the holding of a commitment hearing is not a requisite to a trial for commission of a felony.

My second objection to the majority opinion has to do with what is contained in the Eighth Division to the effect that "a habeas corpus hearing is not a criminal prosecution, and the law does not require the court to subpoena witnesses at the request of the petitioner for habeas corpus." Since the enactment of the "Habeas Corpus Act of 1967" (Code Ann. §§ 50-101 and 50-127), I think that this is a rule or principle that is too rigid. In some cases I think that due process of law does require a habeas corpus court to subpoena witnesses that the habeas corpus court considers to be material and necessary for the applicant in submitting facts or evidence tending to substantiate his claim with respect to the unconstitutionality of his confinement and detention.

The "Habeas Corpus Act of 1967" effected an expansion of state habeas corpus to include "many sharply-contested issues of a factual nature." If a habeas corpus application does involve sharply-contested issues of a factual nature an incarcerated applicant, without the aid of counsel and without the right to subpoena witnesses and documents, cannot present his case, and the result is that the habeas corpus hearing is not adequate, meaningful, and fair. I do not subscribe to such a rigid rule. See my dissenting opinion in *Sims v. Caldwell,* 231 Ga. 377.

I respectfully dissent.

INGRAM, Justice, dissenting. I respectfully dissent from Division 1 of this court's opinion and from the judgment affirming the trial

court. The majority conclude that: "The habeas corpus court properly ruled that the appellant was not entitled to a commitment hearing." Actually, the trial court made no factual determination as to whether the appellant was denied a commitment hearing. (Tr. p. 24). The ruling was that "even assuming (appellant) could substantiate his claim of denial of a commitment hearing," this would not entitle him to relief.

In my judgment, this was error and I would reverse the trial court with direction to conduct an additional hearing to determine if in fact the appellant was denied a commitment hearing and, if he were, whether such denial prejudiced the defendant at his subsequent trial.

The theory of this court's decision in Division 1 of its opinion is that since a commitment hearing is not "a requisite to a trial for the commission of a felony," it was not error if the appellant failed to have such a hearing. I disagree with the reasoning used by the majority because, in my view, the denial of a commitment hearing to a defendant charged with a felony is a denial of a substantial right given him by law. In *Manor v. State,* 221 Ga. 866 (2) (148 SE2d 305), this court, in a unanimous decision written by then Associate Justice Mobley, held, "The denial of a commitment hearing, under the circumstances of this case, was error requiring the grant of a new trial, . . ." In that case, it appeared that the defendant was without the benefit of counsel and that the defendant's purported waiver of a commitment hearing was the result of duress consisting of cruel and inhumane treatment inflicted upon him by those in whose custody he was being held. It also appeared in that case that the defendant was in the custody of the officers without a warrant for his arrest. As observed by Justice Mobley in his opinion for the court (p. 869), "A person accused of crime may waive a commitment hearing," but the waiver was held to be ineffectual there because of the duress practiced upon the defendant. That decision recognizes: "A commitment hearing is a valuable right which the law gives to one accused of crime. Ga. L. 1956, p. 796 (Code Ann. § 27-210); Code § 27-401 et seq. A lawyer recognizes this fact, for this affords him an opportunity to make the state show its hand by putting up the evidence it has against the accused, which enables him to know what he has to defend against, as well as to protect his client against commitment without sufficient evidence." Id. p. 868. See, also, Chaffee, Memorandum on The Detention of Arrested Persons and Their Production Before a Committing Magistrate, as appended to Hearings, House

Committee on the Judiciary, 85th Cong., 2d Sess., Ser. 12, Pt. 1, at 257 (1958).

All of the reasons stated are vital and meaningful to every defendant in a criminal case. The commitment hearing is the only formal discovery tool available to the defense in a criminal case in Georgia. See *Rautenstrauch v. State,* 129 Ga. App. 381 (1) (199 SE2d 613), where Chief Judge Bell, speaking for the Court of Appeals, recently restated the holdings of both that court and this court that: "In Georgia there is no statute nor any rule of practice allowing pretrial discovery and inspection of evidence, and possession of evidence, by defendant or his counsel." Against the backdrop of this rule, it is easy to see how important a commitment hearing can be to a defendant in a criminal case.

The appellant himself gave the reason he wanted a commitment hearing in the present case in compelling language. His reasons are found in a letter filed as a part of the record in *Davis v. State,* 229 Ga. 509 (192 SE2d 253). They are, in his words, as follows: "A commitment hearing was essentially necessary in this case because it would have given me an opportunity to get these witnesses' testimony on record as an impeachment tool later at trial. Also, it would have been to my interest as well as serving the interest of justice to have this testimony on record at the earliest possible date after the alleged crime because recollections of witnesses are far more accurate shortly after a happening than it is two months later."

I might add in conclusion that the reasoning used by this court in the *Manor* case, supra, is consonant with the view taken by the U. S. Supreme Court that a preliminary (commitment) hearing is a "critical" state in the state's criminal process. See Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387), and Adams v. Illinois, 405 U. S. 278 (92 SC 916, 31 LE2d 202). If we fail to make this valuable right to a commitment hearing secure by our decisions we will remove it from the statute books as a right and cast it into the unprotected area of indulgences. To argue that one who is denied a commitment hearing may secure his release from unlawful detention by habeas corpus misses the point. The right to a commitment hearing is a substantial and important statutory right possessed by an accused in a criminal case in Georgia. Its efficacy depends, however, on the willingness of this court to enforce it. We have not done so by affirming the trial court in this case.