## 28739. HOOKS v. HOPPER.

UNDERCOFLER, Justice.

This habeas corpus attacks petitioner's conviction of murder and a life sentence on the following grounds: (1) denial of bail bond because of race, (2) improper admission of evidence, (3) ineffective assistance of counsel, (4) denial of appeal and denial of effective assistance of counsel on appeal, (5) Miranda violations, (6) lack of a preliminary hearing, (7) the state's use of perjured testimony, (8) insufficiency of evidence, (9) failure to discover a weapon allegedly used by the victim to threaten petitioner, and (10) unlawful modification of his sentence from seven years to life. *Held:*

Petitioner was represented by employed counsel who is an experienced attorney with a substantial background in the trial of criminal cases. He has tried more than twenty murder cases. He testified that he met privately with petitioner and petitioner's mother in an extended conversation after petitioner's conviction and sentence. He stated petitioner understood fully his right to appeal and failed to instruct him to take such action.

He further stated the evidence against petitioner was overwhelming and that an appeal would have been "utterly frivolous." We find no error. *Davis v. Ault,* 231 Ga. 406 (202 SE2d 53). See Gregory v. United States, 446 F2d 498 (1).

We have reviewed petitioner's other complaints and read the transcript of the habeas corpus hearing. We have concluded his contentions are without merit.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur specially.*

SUBMITTED MARCH 18, 1974 — DECIDED APRIL 4, 1974.

Willie Lee Hooks, *pro se.*

*Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, John B. Ballard, Jr., Deputy Assistant Attorney General,* for appellee.

INGRAM, Justice, concurring specially.

Appellant complains inter alia, of the denial of a preliminary hearing to him in the murder case in which he was convicted and sentenced to life imprisonment. I have previously expressed my opinion that this court should vigorously enforce this valuable statutory right to an accused unless it is waived. See my dissent in *Phillips v. Stynchcombe,* 231 Ga. 430, 439 (202 SE2d 26). In that dissent, I noted that I would require the habeas corpus trial court to determine if the denial of a commitment hearing had prejudiced the defendant at his subsequent trial.

The trial court in this case found specifically that appellant was not harmed by the failure to have a preliminary hearing. Additionally, the trial court stated in its findings, "There is no indication that the defense would have discovered anything at a preliminary hearing of which it was not already aware before trial."

In view of these findings by the trial court and the other indications in the record that appellant was not prejudiced at his subsequent trial for murder by the absence of a commitment (preliminary) hearing, I concur in the judgment of the court in this case.

I am authorized to state that Mr. Justice Gunter concurs in what is said here.