## 34713. CORN v. HOPPER.

BOWLES, Justice.

Appellant Corn was convicted of murder and armed robbery by a Clayton County jury. He was sentenced to death for each offense. The evidence adduced at trial is set forth in *Corn v. State,* 240 Ga. 130 (240 SE2d 694) (1977), wherein this court upheld both of appellant's convictions, but set aside the death sentence for armed robbery.

An application for writ of certiorari was denied by the United States Supreme Court in May, 1978. Corn v. Georgia, 436 U. S. 914 (98 SC 2255, 56 LE2d 415) (1978), reh. den. 438 U. S. 908 (98 SC 3130, 57 LE2d 1152) (1978).

A petition for writ of habeas corpus was filed in Tattnall Superior Court in March 1978, and a hearing was held on August 25, 1978. By order dated December 7, 1978, the lower court denied relief to appellant and dissolved a stay of execution. Upon application, this court granted a certificate of probable cause to appeal from the denial of habeas corpus relief. A stay of execution was also granted by this court on January 24, 1979.

Upon careful consideration, we affirm the trial court's denial of habeas corpus relief to appellant, and dissolve the stay of execution.

1. In his first enumeration of error, appellant challenges the admission of certain evidence at his pre-sentence hearing on the ground that it was not probative of circumstances in extenuation, mitigation or aggravation of the crime, and, therefore, his death sentence violates the Fourteenth Amendment of the United States Constitution and Code Ann. §§ 2-103 and

27-2503.

The first evidence complained of was testimony of the victim's mother, who testified as to the age and marital status of the victim. She also identified the victim's child who was present in the courtroom. The testimony was very brief and appears to have been unemotional. Appellant did not object to the admission of the evidence at trial.

The evidence complained of is very similar in nature to that approved in *Moore v. State,* 240 Ga. 807 (243 SE2d 1) (1978), where the victim's father was permitted to testify that his daughter was an honor student, had been awarded a college scholarship, wanted to be a nurse, and was using her earnings to pay her way through college. We do not find that the evidence given in this case was inflammatory in nature, nor was its presentation made in a prejudicial manner. It merely illustrated the truth of the attendant circumstances in regard to the victim and her maturity at the time of the homicide. We find no error in its admission.

2. Appellant also complains of testimony given by the victim of a prior armed robbery and assault. Certified copies of appellant's conviction of those offenses were introduced at the pre-sentence hearing. This evidence was relevant and admissible under Code Ann. § 27-2503. Appellant was given notice that the state intended to use evidence of his previous convictions against him during the sentencing hearing. It was not error to allow the testimony. *Davis v. State,* 229 Ga. 509 (2) (192 SE2d 253) (1972).

3. Appellant complains that his conviction and sentence are illegal and unconstitutional because they were the product of a jury from which a juror was excluded for equivocal reservation to the death penalty. This issue was raised on direct appeal, and decided adversely to appellant's contention. *Corn v. State,* supra at 132. In the absence of a change in the applicable law, this court will not reconsider in a habeas corpus proceeding a contention previously rejected on the same facts in the direct appeal of the case. *Smith v. Hopper,* 240 Ga. 93 (2) (239 SE2d 510) (1977).

As to appellant's contention that a Witherspoon

qualified jury deprived appellant of his right to be tried by a fair and impartial jury, see *Smith v. Hopper,* supra, and cits., and Lockett v. Ohio, 438 U. S. 586 (98 SC 2954, 57 LE2d 973, 984) (1978).

4. Appellant attacks the constitutionality of the Georgia statutory provisions for appellate review of death sentences on general grounds, and specifically that the failure to include the argument of counsel in the transcript denied him the opportunity for a fair review of his death sentence and denied him the effective assistance of counsel on his appeal.

The United States Supreme Court has determined that the Georgia appellate review procedure for death sentences is constitutional. Gregg v. Georgia, 428 U. S. 153 (1978). Appellant has raised no new issues for consideration by this court.

Appellant has not alleged or pointed to any portion of the argument by the state or by the defense during his trial which was harmful or prejudicial to him. We find this enumeration of error to be without merit. *Stephens v. Hopper,* 241 Ga. 596(2) (247 SE2d 92) (1978).

5. Appellant complains that testimony about a blood sample taken from him was unconstitutionally admitted because he did not freely consent to the taking of the sample and because it was taken without a search warrant. This argument was rejected in *Strong v. State,* 231 Ga. 514 (202 SE2d 428) (1973) and Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908) (1966).

6. Appellant complains that the introduction into evidence of improperly obtained eyewitness identification violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. Appellant has failed to demonstrate why the admission of this testimony was error. The trial transcript does not indicate that an objection was made at trial to the introduction of this evidence. The right now asserted by appellant is not of constitutional magnitude. Therefore, the failure to object at trial to the admission of evidence precludes the objection on review. *Sheffield v. State,* 235 Ga. 507, 508 (220 SE2d 265) (1975); *Corn v. State,* supra at 134.

7. Appellant contends that his death sentence was unconstitutionally imposed because the trial court informed the jury that there would be an automatic appeal of the death sentence.

We have reviewed the allegedly improper charge and find it acceptable under our rulings in *Prevatte v. State,* 233 Ga. 929 (214 SE2d 365) (1975), *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977) and *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977).

After the sentencing charge by the court, the jury returned with a question about appellant's chance of parole. The trial judge replied that the possibility of parole was not a matter to be considered by the jury. While he did say that the law provided for a mandatory appeal in death penalty cases, he stated that he could not and would not change the sentence imposed. If the jury returned with the penalty of death, he would sentence the defendant to death by electrocution.

Viewing the court's sentencing charge as a whole, we find that the jury was instructed to decide on their sentence from the evidence and law presented at the sentencing hearing, taking the full responsibility of determining life or death for the defendant. No remarks by the court could be construed as encouraging the jury to attach diminished consequences to their verdict. We find no error.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 10, 1979 — DECIDED JULY 2, 1979 — REHEARING DENIED JULY 17, 1979.

*Brooks S. Franklin,* for appellant.

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.