## JOHNSON v. LOWRY, sheriff.

No. 11540.   October 14, 1936.

*J. Emmett Baird,* for plaintiff.

*John A. Boykin, solicitor-general,* and *John H. Hudson,* for defendant.

Gilbert, Justice.   St. Clair Johnson was convicted of the offense of burglary, in the circuit court of Jefferson County in the State of Alabama, in March, 1931. Before completing his term in the penitentiary in that State he was paroled. Before the term of his parole expired he was arrested by the State officers in Alabama for the United States District Court for the Northern District of Alabama, and was later turned over to the United States marshal of that court, was indicted, and pleaded guilty in that

court for possessing a stolen automobile. He was sent to the United States penitentiary in Atlanta, Ga., and on completion of his sentence the State of Alabama requested the warden of the United States penitentiary that he be held for that State. This was done. The State of Alabama applied for extradition of Johnson to Alabama, to complete the unserved portion of the sentence of two to ten years, imposed in the burglary case. The application was in proper form, and was accompanied by a proper warrant. The extradition was granted by the Governor of this State, and his executive warrant was issued for the return of Johnson to the State of Alabama. Johnson sued out a writ of habeas corpus, which was denied, and he was remanded to custody. He excepted to the order denying the writ and remanding him to custody. He insists that the State of Alabama, in surrendering him to the Federal authorities, waived that State's claim to jurisdiction over him for the completion of his sentence for burglary.

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. In re Andrews, 236 Fed. 300; United States *v.* Marrin, 227 Fed. 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it. . . There is no express authority authorizing the transfer of a Federal prisoner to a State court for such purposes. Yet we have no doubt that it exists and is to be exercised with the consent of the attorney-general. In that officer the power and discretion to practice the comity in such matters between the Federal and State courts is vested. . . 'The penitentiary is not a place of sanctuary; and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some earlier judgment of guilt.'" Ponzi *v.* Fessenden, 258 U. S. 254, 260, 261, 264 (42 Sup. Ct. 309, 66 L. ed. 607). The State of Alabama had the sovereign power to waive or pardon the

convict, thus legally cancelling the unserved portion of his sentence. It could waive the immediate service and postpone such service until the convict could be tried by the United States court and, if convicted, serve any sentence imposed by that court. The decision on that question was one to be made by the State of Alabama. The State chose the latter, that is, to waive temporarily, and not to cancel, the unserved portion of the sentence. Under the principles ruled in the above-cited Ponzi case, and in *Kelly* v. *Mangum,* 145 *Ga.* 57 (88 S. E. 556), and *Bartlett* v. *Lowry,* 181 *Ga.* 526 (182 S. E. 850), the court did not err in denying the writ of habeas corpus and in remanding the petitioner to the custody of the sheriff.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*