WILLIAMS *v.* MOUNT, sheriff.

No. 14805. APRIL 6, 1944.

*Paul Crutchfield,* for plaintiff.

*John A. Boykin, solicitor-general, E. A. Stephens,* and *Durwood T. Pye,* for defendant.

WYATT, Justice. The exception is to a judgment refusing to discharge the applicant, Merle Williams, on his petition for the writ of habeas corpus. At the time of the application he was being held in custody by J. M. Mount, sheriff of Fulton County, "under some request from the State of New Hampshire, or a rendition warrant of the Governor of Georgia, alleging and stating that said Williams is a fugitive from justice from said State of New Hampshire."

Merle Williams testified in substance that on November 15, 1934, he was sentenced by the courts of New Hampshire to serve a term of one to two years in prison. On October 9, 1935, he was released on parole. Subsequently, after a violation of the terms of his parole, he was arrested by New Hampshire authorities, kept in jail two days, and then turned over to the Federal authorities. On September 9, 1936, he was sentenced to serve a term of ten years in Federal prison, and on October 20, 1943, was given a conditional release, and then taken into custody by the respondent. No attack

is made upon the regularity of the extradition proceedings. The sole question presented is the contention of the plaintiff in error that, when New Hampshire authorities arrested and incarcerated him as a parole violator, and subsequently surrendered him to Federal authority and he was sentenced to serve a term in Federal prison, the time he was required to serve should be counted as service on the New Hampshire sentence, and for this reason his New Hampshire sentence had been completed. In passing on a similar question, this court, in *Johnson* v. *Lowry,* 183 *Ga.* 207, 208 (188 S. E. 23), said: "The State of Alabama had the sovereign power to waive or pardon the convict, thus legally cancelling the unserved portion of his sentence. It could waive the immediate service and postpone such service until the convict could be tried by the United States court and, if convicted, serve any sentence imposed by that court. The decision on that question was one to be made by the State of Alabama. The State chose the latter, that is, to waive temporarily, and not to cancel, the unserved portion of the sentence." See Ponzi *v.* Fessenden, 258 U. S. 254 (42 Sup. Ct. 309, 66 L. ed. 607, 22 A. L. R. 879) ; *Kelly* v. *Mangum,* 145 *Ga.* 57 (88 S. E. 556) ; *Hart* v. *Mangum,* 146 *Ga.* 497 (91 S. E. 543) ; *King* v. *Mount,* 196 *Ga.* 461 (26 S. E. 2d, 419).

The court did not err in denying the writ of habeas corpus, and in remanding the petitioner to the custody of the sheriff.

*Judgment affirmed. All the Justices concur.*