20252.    HOUSE *v.* GRIMES, Sheriff.

WYATT, Presiding Justice. The exception here is to a judgment refusing to discharge the applicant, Albert House, on his petition for the writ of habeas corpus. At the time of the application, applicant was being held in custody by Ralph Grimes, Sheriff of Fulton County, as a fugitive from justice under an executive warrant of the Governor of Georgia based

upon extradition proceedings by the Governor of Florida. The extradition proceedings appear to be regular in all respects. It appeared that in 1925 Albert House was duly sentenced to serve two twenty-year sentences and one ten-year sentence, said sentences to run consecutively or for a total of fifty years, the ten-year sentence to be the last served. On November 8, 1949, he was granted a conditional pardon on the ten-year sentence, the condition being "that he leave the State of Florida immediately upon his release from the Florida State Prison, and thereafter remain outside of the State of Florida, and that he lead a sober, peaceable, and law-abiding life." In 1951, House was arrested and tried in the Federal Courts and sentenced to serve ten years. Upon this conviction, the conditional pardon granted to House by the State of Florida was duly revoked, and a detainer was placed with the Federal authorities. He was paroled by the Federal authorities, and upon his release by them, he was turned over to the Sheriff of Fulton County under the detainer by the State of Florida, whereupon he instituted this habeas corpus proceedings. *Held:*

1. Plaintiff in error contends in substance that he is not a fugitive from justice for the reason that, when the conditional pardon was revoked on January 16, 1951, by the Pardon Board of the State of Florida, they then and there relinquished their right to require him to serve the remainder of the ten-year sentence, and that the State of Florida abandoned any right to return the petitioner from a foreign state; that the requisition request is based upon an illegal conditional pardon, for the reason the ten-year sentence has expired; that the State of Florida has waived its jurisdiction over him by relinquishing its custody and control to the Federal authorities; that the ten-year sentence continued to run after petitioner was released to the Federal authorities. It was further contended that, "The Pardon Board or Pardon Commission of the State of Florida was not a Board belonging to the Interstate Compact as provided by the Constitution of the United States." It is clear that there is no merit in the contention that the ten-year sentence upon which the extradition proceedings were based had been served. It is simple mathematics that a fifty-year sentence imposed in 1925 has not been completed in 1958. Reference is made to "gain time," which presumably means time off for good behavior. The record in the instant

case is entirely silent as to whether or not the plaintiff in error was entitled to any time off for good behavior or otherwise.

2. The contention that the Florida Pardon Board is without jurisdiction beyond the State of Florida is without merit, for the reason that the request for extradition was made by the Governor of Florida as is expressly provided for under art. IV, sec. 2, par. 2 of the Constitution of the United States.

3. The contention to the effect that the State of Florida waived its jurisdiction over the defendant when he was released to the Federal authorities, and that his sentence continued to run while he was in custody of the Federal authorities and in the Federal Penitentiary has repeatedly been decided by this court adversely to the contention of the plaintiff in error. In *Hames* v. *Sturdivant*, 181 *Ga.* 472, 474 (182 S. E. 601), this court said: "The matter of rendering one from an asylum State to another State by extradition proceedings is not founded merely on comity between the States, but is in response to a requirement of the United States Constitution, which provides in art. 4, sec. 2 (Code of 1933, § 1-403): 'A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime.'" "Where a person is convicted of felony committed by him in one State, and he goes into another State, whether voluntarily or involuntarily, before serving the full term for which he was sentenced, he thereby becomes a fugitive from justice, within the meaning of section 2 of article 4, of the Constitution of the United States. . ." *Brown* v. *Lowry*, 185 *Ga.* 539 (195 S. E. 759). In *Johnson* v. *Lowry*, 183 *Ga.* 207 (188 S. E. 23), where the plaintiff in a habeas corpus proceeding contended "that the State of Alabama, in surrendering him to the Federal authorities, waived that State's claim to jurisdiction over him for the completion of his sentence for burglary," this court said: "One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty

waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it." Applying the above-enunciated principle of law to the facts in this case, there was no error in the judgment remanding the plaintiff in error to the custody of the officer.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 16, 1958—DECIDED NOVEMBER 7, 1958.

*James R. Venable,* for plaintiff in error.

Albert House, *pro se.*

*Paul Webb, Solicitor-General, Eugene L. Tiller, Assistant Solicitor-General,* contra.