20679. ARMPRIESTER *v.* GRIMES, Sheriff.

CANDLER, Justice. On March 11, 1955, and again on June of the same year, Howard Ellsworth Armpriester was convicted in the Hustings Court of the City of Richmond, Virginia, on two separate charges of forgery, a felony under the laws of that State. In each case he was sentenced to serve a term of two years in the State's penitentiary, the sentences to run consecutively or for a total period of four years. On December 18, 1956, and before he had fully served the first of the two sentences imposed on him, he escaped. He was apprehended and rearrested in Virginia on February 6, 1957, and was on February 20, 1957, indicted by a grand jury in the Circuit Court of the City of Richmond, Virginia, for the

offense of escape from the State's penitentiary, which is itself a felony under § 53-291 of the Code of Virginia. On May 6, 1959, he was voluntarily turned over by the State of Virginia to the United States Marshal of a Federal District Court in Virginia, in which court he was charged by an indictment containing several counts with having violated stated postal laws of the United States, and for which offenses he entered pleas of guilty when arraigned for trial in that court. After being sentenced for those offenses, he was on May 29, 1957, by the proper Federal official assigned to the Atlanta Federal penitentiary for service of his sentences, and on their completion the State of Virginia requested the warden of such penitentiary to hold him for that State. This was done, and T. Ralph Grimes as Sheriff of Fulton County took custody of him. The State of Virginia applied for extradition of Armpriester to that State for trial on the pending indictment charging him with the offense of escape from the State's penitentiary. Extradition was granted by the Governor of this State on May 27, 1959, and an executive warrant was at that time issued for his return to Virginia. Armpriester brought against Sheriff Grimes habeas corpus, which, after a hearing, was denied and he was remanded to the custody of the respondent. The exception is to that judgment. *Held*: Since no attack is made on the regularity of the extradition proceedings by the applicant, and since he bases his right to be released from custody solely on the ground that the State of Virginia, in surrendering him to Federal authorities, waived her claim to jurisdiction over him for trial on the pending indictment against him for the crime of escape, the holdings in Ponzi *v.* Fessenden, 258 U.S. 254 (42 S. Ct. 309, 66 L. Ed. 607, 22 A.L.R. 879), *Kelly* v. *Mangum*, 145 *Ga.* 57 (88 S. E. 556), *Bartlett* v. *Lowry*, 181 *Ga.* 526 (182 S. E. 850), *Johnson* v. *Lowry*, 183 *Ga.* 207 (188 S. E. 23), and *Williams* v. *Mount*, 197 *Ga.* 530 (29 S. E. 2d 704), are controlling precedents contrary to the insistence of the applicant; and, following the rulings in those cases, as we must do, we hold that the State of Virginia did not waive her claim of jurisdiction over him for trial on a pending indictment in that State, which charges him with the crime of escape from the State's penitentiary, by voluntarily surrendering him to Federal authorities for trial on penal offenses against the United States, and for punishment if convicted of such offenses in

the Federal District Court. Hence, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1959—DECIDED OCTOBER 20, 1959.

*Chester E. Wallace,* for plaintiff in error.
*Paul Webb, Solicitor-General, Eugene L. Tiller,* contra.