### 22068.  HANFORD v. GRIMES, Sheriff.

QUILLIAN, Justice. The case is here for review on a bill of exceptions assigning error on the denial of a writ of habeas corpus.

The record shows that the petitioner was paroled by the State of North Carolina in 1952, while serving a 25-30 year sentence for murder; that he was arrested by North Carolina authorities and agents of the Federal Bureau of Investigation in February, 1954; that he was released to the Federal authorities, tried, sentenced and removed to the United States Penitentiary at Atlanta for confinement on April 22, 1954; that on April 23, 1954, he was notified that his parole had been revoked by the Governor of North Carolina. Upon the petitioner's discharge from the United States Penitentiary in March, 1963, he was released into the custody of the Fulton County Sheriff on authority of a rendition warrant issued by the Governor of this State for extradition to North Carolina. Subsequently, the petitioner filed his petition for writ of habeas corpus. *Held:*

The assignment of error contained in the bill of exceptions presents the single contention that the petitioner, the plaintiff in error here, is not a fugitive from justice within the meaning of extradition laws and hence not subject to be held upon the Governor's warrant issued in such proceeding. This position is predicated upon the insistence that the petitioner did not come into this State voluntarily but was brought here under

a sentence in the Federal Penitentiary imposed by a United States district court, and that he was surrendered to Federal authorities by the state of North Carolina, the commonwealth that now seeks his extradition.

The contention is decided adversely to appellant in *Armpriester v. Grimes,* 215 Ga. 429 (111 SE2d 34). See *Kelly v. Mangum,* 145 Ga. 57 (88 SE 556); *Hart v. Mangum,* 146 Ga. 497 (91 SE 543); *Johnson v. Lowry,* 183 Ga. 207 (188 SE 23); *House v. Grimes,* 214 Ga. 572 (105 SE2d 745).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 10, 1963—DECIDED JUNE 18, 1963.

*Chester E. Wallace,* for plaintiff in error.
*William T. Boyd, Solicitor General,* contra.