39276. DEPARTMENT OF TRANSPORTATION v. GIBSON.

GREGORY, Justice.

Appellant sought to condemn certain real property owned by appellee Gibson in connection with the federally assisted project to widen Interstate 75 in Atlanta. Gibson Litho-Plate Co., Inc., solely owned by Gibson, operated its business on this property.

Appellant provided Gibson with business relocation assistance in accordance with OCGA § 32-8-1 (Code Ann. § 95A-623), Georgia's version of the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. The record reflects that through this administrative process appellant ultimately paid Gibson over $54,000 in relocation expenses for Gibson Litho-Plate Co., Inc. Being dissatisfied with that award, appellee initiated an administrative appeal under the Georgia Administrative Procedure Act, OCGA § 50-13-1 et seq. (Code Ann. § 3A-101 et seq.), which appeal is still pending.

In the subsequent judicial condemnation proceeding (separate from the administrative award proceedings), Gibson also sought relocation expenses as an element of just and adequate compensation. Appellant moved in limine to exclude all evidence of relocation expenses during the jury trial on the grounds that

relocation benefits under OCGA § 32-8-1 (Code Ann. § 95A-623) were totally separate and apart from a determination of just and adequate compensation, and that the condemnee had initiated an administrative appeal of that award. Appellee argued that the expenses of relocating his business were part of the just and adequate compensation to be paid to him, and he was, therefore, entitled to present that issue to the jury in the condemnation action, notwithstanding the pending administrative action.

The trial court denied appellant's motion in limine, reasoning that "... since the Administrative Procedure Act allows only a review by the Superior Court judge of a final decision by the Department, and since the Constitution of the State of Georgia provides that a property owner is entitled to just and adequate compensation for property taken by eminent domain, the property owner should be allowed to try the issue of relocation expenses to the jury in the condemnation action, even though the condemnee has initiated an administrative appeal of the Department's award ..." We granted appellant's application for interlocutory review of this ruling in order to consider the questions presented therein.

1. Initially, this case requires us to examine the relationship between business relocation assistance for condemnees as provided under OCGA § 32-8-1 et seq. (Code Ann. § 95A-623 et seq., Georgia's version of the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970), and Art. I, Sec. III, Par. I of the Georgia Constitution (Code Ann. § 2-301; "Private property shall not be taken ... without just and adequate compensation being first paid ...").

The Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (hereinafter, the "Uniform Act") was enacted by the United States Congress to establish a uniform policy for the equitable treatment of persons displaced as a result of federally assisted programs. 42 USCA § 4621. Under the Uniform Act, the states must make available assistance and payments for relocation expenses to owners of residential, farming or business property whose property is acquired for federally assisted highway projects in order to continue to receive federal funds for those projects. 42 USCA §§ 4630, 4655. Under our version of the Uniform Act, a condemnee whose property is being acquired for federally assisted highway projects may, but is not required to, seek payment of relocation expenses directly from the Department of Transportation in an administrative action. OCGA § 32-8-1 (Code Ann. § 95A-623). If the condemnee is dissatisfied with that award, he may appeal that award under our Administrative Procedure Act, OCGA § 50-13-1 et seq. (Code Ann. § 3A-101 et seq.).

Prior to the enactment of the Uniform Act, we had held that business relocation expenses of the type involved here may be recovered as a part of the "just and adequate compensation" owed to condemnees under our constitutional provision. *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884) (1966). The enactment of OCGA § 32-8-1 (Code Ann. § 95A-623) does not alter the fact that relocation expenses, whether awarded judicially or administratively, are still a part of the "just and adequate compensation" guaranteed to condemnees under our constitution.[1] The critical question in this case, whether seeking administrative payment of relocation expenses precludes a separate judicial determination of the same relocation expenses in the statutorily authorized condemnation proceedings, can only be answered by analyzing what role OCGA § 32-8-1 (Code Ann. § 95A-623) plays in the overall condemnation process. In making this analysis, we necessarily use caution so that we do not overstep our judicial bounds and encroach on the province of the legislature.

There is no constitutional right to a jury trial in eminent domain cases. *Oliver v. Union Point &c. R. Co.,* 83 Ga. 257, 261 (9 SE 1086) (1889); Mills on Eminent Domain, p. 239 (2d Ed. 1888); 1 Nichols on Eminent Domain (3d Ed. 1981), § 4.105 et seq. See *D.O.T. v. Doss,* 238 Ga. 480 (233 SE2d 144) (1977), overruled on other grounds 242 Ga. 707. But, were this not a case involving payments under OCGA § 32-8-1 (Code Ann. § 95A-623), condemnee would be able to litigate the question of his business relocation expenses as an element of "just and adequate compensation" in the condemnation proceedings under OCGA § 32-3-1 et seq. (Code Ann. § 95A-601 et seq.). *Bowers v. Fulton County,* supra. Through our own version of the Uniform Act, OCGA § 32-8-1 (Code Ann. § 95A-623), however, the General Assembly has provided a separate administrative procedure by which condemnees displaced by federally funded programs may seek and receive compensation for their business relocation expenses.[2]

---

[1] The Supreme Court of South Carolina reached a similar result in Creative Displays, Inc. v. South Carolina Hwy. Dept., 272 S. C. 68, 74 (248 SE2d 916) (1978), holding, "The plain meaning of this provision is that the act neither adds to nor takes from elements of value or damage in the law of eminent domain as developed through the years by the General Assemblies and by the courts of the respective states."

[2] We note, however, that a condemnee in an action involving a federally assisted highway project is not required to accept relocation expenses administratively under this statute. OCGA § 32-8-1 (c) (3) (Code Ann. § 95A-623 (c) (3)) provides in part: "Nothing in this code section shall be construed to deprive the tenant of any rights to reject payment under this code section and to obtain payment for such property interests in accordance with applicable law, other than this code section."

This condemnee chose to seek an administrative determination and accept payment of his business relocation expenses under OCGA § 32-8-1 (Code Ann. § 95A-623). He accepted payments under that award, but being dissatisfied, he elected to appeal the administrative determination. Having accepted the payments, he is committed to an administrative determination of the payments. See OCGA § 32-8-1 (c) (3) (Code Ann. § 95A-623). If he is dissatisfied after exhausting his administrative remedies, then (and only then) may he seek judicial review of the administrative determination. OCGA § 50-13-19 (Code Ann. § 3A-120). This administrative process, subject to judicial review, is the process by which this condemnee will receive "just and adequate compensation" for his business relocation expenses. He may not also litigate this same issue in the statutorily authorized condemnation procedure. To permit this would allow condemnees in such a situation to accept payment of an award in an administrative proceeding while still litigating the same issue in a condemnation jury trial, and require the Department of Transportation to relitigate this same award of "just and adequate compensation." Such an unfair result was not intended under our statutory scheme.

The trial court erred in denying appellant's motion in limine, since the question of appellee's "just and adequate compensation" for business relocation expenses is already being determined administratively. Appellee is not entitled to litigate the claim for business relocation expenses after accepting payment of an administrative award of those same benefits.

2. Both Mr. Gibson individually and Gibson Litho-Plate Co., Inc., participated in the administrative award proceedings. Appellee argues that the trial court ruling is at least correct as it applies to Gibson Litho-Plate Co., Inc., since it has filed no administrative appeal of relocation expenses, that appeal being filed by Mr. Gibson only in his individual capacity. We disagree.

As we stated in Division 1, it is the act of accepting payment of the administrative award which commits the condemnees to an administrative determination of their relocation benefits in this condemnation proceeding. Having accepted payment of the administrative award, both Gibson individually and Gibson Litho-Plate Co., Inc. are committed to an administrative determination of those relocation benefits, notwithstanding the fact that only Gibson individually has sought to appeal that award.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 25, 1983.

Tanksley, Senior Judge.
   *Michael J. Bowers, Attorney General, Alston, Miller & Gaines, G. Conley Ingram, Jack H. Senterfitt,* for appellant.
   *Roy E. Barnes, G. Cleveland Payne III,* for appellee.