## 70550. DEPARTMENT OF TRANSPORTATION v. CLARK et al.
### (337 SE2d 461)

McMURRAY, Presiding Judge.

In this condemnation case the judgment of the trial court is affirmed without opinion pursuant to Rule 36 of the Rules of the Court of Appeals of the State of Georgia.[1]

Appellee has moved this court to award damages pursuant to

---

[1] Rule 36 of the Rules of the Court of Appeals of the State of Georgia provides:

"Cases in which one or more of the following circumstances exist and are dispositive of the appeal, to wit:

(1) the evidence supports the judgment;

(2) no reversible error of law appears and an opinion would have no precedential value;

(3) the judgment of the court below adequately explains the decision, may be affirmed as follows: 'AFFIRMED IN ACCORDANCE WITH COURT OF APPEALS RULE 36.' "

OCGA § 5-6-6 contending that the appeal has been filed for purposes of delay only. While we have found no merit in the enumerations of error, we do not conclude that appellant's enumerations were so specious as to warrant the conclusion that this appeal was taken for the purpose of delay only. The motion for assessment of penalty, therefore, is denied.

*Judgment affirmed in accordance with Court of Appeals Rule 36. Deen, P. J., Birdsong, P. J., Carley, Sognier, and Pope, JJ., concur. Banke, C. J., Benham and Beasley, JJ., dissent.*

BENHAM, Judge, dissenting.

Although I agree with the majority that the judgment of the trial court must be affirmed, I must dissent to the denial of appellee's motion for damages pursuant to OCGA § 5-6-6.

Where there is no valid reason to expect reversal (*Hatchett v. Hatchett*, 240 Ga. 103 (239 SE2d 512) (1977)), or where the issues raised have been settled by previous decisions (*Pinkerton & Laws Co. v. Robert & Co. Assoc.*, 129 Ga. App. 881 (201 SE2d 654) (1973)), it is reasonable to conclude that the appeal is taken for delay only. Appellant's enumerations of error all fall into one or both of those categories.

1. The denial of a motion for continuance made on the day of trial was not error since the record demonstrates clearly that appellant was not diligent in obtaining the discovery for which it sought a continuance. *Dobbs v. Cobb E. N. T. Assoc.*, 165 Ga. App. 238 (1) (299 SE2d 141) (1983).

2. There was no error in the failure of the trial judge to instruct the jury that consequential damages to appellee's trade fixtures were not to be included in any award: there was no request for the instruction; appellant did not object to the failure to instruct; and since there was no evidence presented concerning the value of appellee's fixtures and damages, the failure to charge did not deprive appellant of a fair trial. *Dendy v. MARTA*, 163 Ga. App. 213 (293 SE2d 372) (1982), revd. on other grounds, 250 Ga. 538 (299 SE2d 876) (1983).

3. Contrary to appellant's assertion on appeal, the record contains substantial evidence of uniqueness (*Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (3) (309 SE2d 816) (1983)) so as to authorize a recovery for business damages.

4. There was no error in denying appellant's motion for mistrial, which was based on testimony injecting the issue of appeals into the trial: appellant made no objection when the testimony was first elicited and then elicited the same testimony on cross-examination. *Favors v. State*, 145 Ga. App. 864 (4) (244 SE2d 902) (1978).

5. Appellant's motion to exclude evidence of relocation expenses was properly denied since appellee, unlike the condemnee in *Dept. of*

*Transp. v. Gibson,* 251 Ga. 66 (303 SE2d 19) (1983), did not accept any relocation assistance under OCGA Ch. 32-8, but clearly elected to pursue such relief in the condemnation action as the Supreme Court in *Gibson* noted a condemnee is entitled to do.

From the foregoing recitation, it is clear that all of appellant's enumerations are patently nonmeritorious and provide no valid reason to expect reversal. The majority's affirmation without opinion supports the conclusion that the arguments raised by appellant did not warrant discussion. Indeed, they are set out in this dissenting opinion not because any valid issues are raised, but only to demonstrate their lack of merit. I can conceive of no purpose other than delay for raising the obviously invalid arguments made by appellant on this appeal. It is for that reason that I must respectfully dissent: I, too, would affirm the judgment of the trial court, but I would grant appellee's motion for the imposition of 10% damages under OCGA § 5-6-6.

I am authorized to state that Chief Judge Banke and Judge Beasley join in this dissent.

DECIDED NOVEMBER 6, 1985.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, William C. Joy, Senior Assistant Attorneys General, Jack L. Park, Jr., Special Assistant Attorney General,* for appellant.

*A. J. Welch, Jr., Benjamin W. Studdard III, W. Zack Hendon, Jr.,* for appellees.