S02A0827. O'DONNELL v. DURHAM.
(573 SE2d 23)

CARLEY, Justice.

Maisha Durham pled guilty to the voluntary manslaughter of her husband. In 2001, she petitioned for a writ of habeas corpus, asserting that her plea was not voluntary and that she was denied effective assistance of counsel. At the hearing, Ms. Durham presented evidence supporting her contentions. However, Warden O'Donnell moved for a continuance due to the absence of both attorneys who represented Ms. Durham in the criminal action. The Warden subpoenaed the two lawyers, but they did not appear due to a scheduling conflict. The habeas court granted the continuance, set a date for resumption of the hearing and then raised the matter of bail. When the Warden objected that bail would not be authorized under OCGA § 9-14-52 (c) during the pendency of the proceeding, the habeas court granted Ms. Durham's petition and, in the same order, granted bail. From that order, the Warden brings this appeal.

1. The denial of a continuance in a habeas case is a discretionary ruling which will not be reversed absent a clear abuse of discretion. *McCorquodale v. Stynchcombe*, 239 Ga. 138, 139 (1) (a) (236 SE2d 486) (1977). The absence of the Warden's witnesses did not demand the grant of her motion for continuance, since "unpreparedness or the lack of due diligence alone will not suffice . . . ." *Davis v. Thomas*, 266 Ga. 835, 838 (471 SE2d 202) (1996). Therefore, the habeas court's vacation of its order granting the Warden's motion for a continuance was not a reversible abuse of discretion.

2. The evidence produced by Ms. Durham was sufficient to

authorize the grant of her petition. That evidence was not rebutted by the Warden. The order reflects the habeas court's consideration of facts demonstrating that Ms. Durham was denied effective assistance of counsel and a determination in relation to those facts. See *McAuliffe v. Rutledge*, 231 Ga. 1, 2 (200 SE2d 100) (1973). Thus, the habeas court did not err in granting the writ.

3. "The judges of the superior courts have authority . . . [t]o hear and determine questions arising upon . . . [w]rits of habeas corpus or bail, when *properly* brought before them. . . ." (Emphasis supplied.) OCGA § 15-6-9 (5) (A). However, the question is which of the various superior courts is the proper one for hearing and determining the matter of bail in a habeas corpus action. Insofar as that issue is concerned, OCGA § 9-14-52 (c) unambiguously provides that "[t]he right to bail and the amount of bond *shall be* within the discretion of the judge of the superior court in which the sentence successfully challenged [in the habeas proceeding] was *originally imposed*." (Emphasis supplied.) "Shall" is generally construed as a word of mandatory import. See *State v. Henderson*, 263 Ga. 508, 510 (436 SE2d 209) (1993). Moreover, under the maxim of "expressio unius est exclusio alterius," the express mention of one particular superior court impliedly excludes all others. See *George L. Smith II Ga. World Congress Center Auth. v. Soft Comdex*, 250 Ga. App. 461, 464 (1) (b), fn. 3 (550 SE2d 704) (2001). Thus, only the Superior Court of Houston County would be authorized to grant or deny Ms. Durham's bail pending the Warden's appeal of the grant of the writ of habeas corpus.

Reliance upon the general provisions of OCGA § 15-6-9, rather than upon the specific statutory limitation imposed by OCGA § 9-14-52 (c) would be contrary to the principle that " 'a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent.' [Cit.]" *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001). Under that analysis, a superior court anywhere in this state could grant habeas relief to a convicted criminal, notwithstanding the jurisdictional and venue limitations imposed by OCGA § 9-14-43, simply because OCGA § 15-6-9 (1) generally authorizes the judges of those courts to hear habeas petitions. It is clear, however, that the "exclusive procedure for seeking a writ of habeas corpus" in cases such as this is set forth in OCGA § 9-14-40 et seq. OCGA § 9-14-41. Thus, in all matters dealing with the appeal of a habeas case, including the grant of bail, it is those "exclusive" provisions which control and "must be enforced uniformly by the judiciary." *Fullwood v. Sivley*, 271 Ga. 248, 254 (517 SE2d 511) (1999). Therefore, the Superior Court of DeKalb County exceeded its authority by granting bail, and that portion of its order must be reversed.

*Judgment affirmed in part and reversed in part. All the Justices*

*concur, except Benham, J., who concurs in part and dissents in part.*

BENHAM, Justice, concurring in part and dissenting in part.

I agree with the majority's conclusion that the habeas court did not err when it granted habeas relief to Ms. Durham. However, I must respectfully dissent from the majority's determination that the habeas court did not have authority to grant Ms. Durham a bond after granting the petition for a writ of habeas corpus. A successful petitioner for habeas corpus who was not convicted of a capital crime may be released on bail during the pendency of the Warden's appeal of the grant of habeas corpus relief. OCGA § 9-14-52 (c). The judge of the habeas court was a sitting superior court judge, and judges of the superior courts have authority to hear and determine questions arising upon writs of habeas corpus or bail, when properly brought before them. OCGA § 15-6-9. A superior court also has full power to enforce its decrees when rendered. OCGA § 23-4-31. Accordingly, I believe the superior court judge sitting as a habeas court judge was authorized to enforce its decree granting habeas relief by granting bond pending appeal to the successful habeas petitioner. Because the majority does not give full force to the habeas court's authority, I dissent.

DECIDED NOVEMBER 12, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General,* for appellant.
*Duana R. Sanson,* for appellee.