## S03A1178. BRADFORD v. BROWN.
### (586 SE2d 631)

HINES, Justice.

This is an appeal by prisoner Kenneth Bradford from the denial of his petition for writ of habeas corpus pursuant to OCGA § 17-13-30, and the grant of extradition. For the reasons which follow, we affirm.

Following a jury trial in DeKalb County on three counts of theft by taking, Bradford was found guilty and sentenced to 30 years, 12 to be served in prison. He filed a motion for new trial. Thereafter, the State of Louisiana requested Bradford's extradition as a fugitive from justice to stand trial on multiple charges of violations of Louisiana law. On January 21, 2003, Bradford, through appointed counsel, filed a petition for writ of habeas corpus contesting his extradition to Louisiana on the ground that under OCGA § 42-5-50, he had the right to remain in the DeKalb County jail because he had an "open appeal pending." On February 6, 2003, Bradford's counsel amended the petition to assert that Bradford was not a fugitive from justice as he was not in Louisiana on the days of the commissions of the crimes.

The hearing on the amended petition for writ of habeas corpus was scheduled for the same time as the motion for new trial hearing, March 19, 2003. At the March 19 hearings, Bradford was represented by two assistant public defenders, who had been appointed to represent him in November 2002, as well as by one of two lawyers he had retained the previous weekend for the hearing on the motion for new trial. Bradford's attorneys requested continuances for the hearings on the motion for new trial and the amended petition for writ of

habeas corpus. The trial court granted a continuance to May 30, 2003, for the hearing on the motion for new trial, but denied the requested continuance for the habeas corpus hearing. The court found that Bradford had been changing counsel in order to delay the hearing on the motion for new trial, and that he could be extradited to Louisiana for arraignment and returned to DeKalb County in sufficient time to consult with his new counsel prior to the hearing on the motion for new trial. The court also found that Bradford failed to present sufficient evidence to carry his burden of proof that he was not a fugitive from justice in Louisiana. The court denied habeas relief and ordered that Bradford be extradited to Louisiana for arraignment, and that Louisiana return him at its expense, no later than April 3, 2003, so that he might confer with his Georgia attorneys prior to the hearing on the motion for new trial on May 30, 2003.

1. There is no merit to Bradford's assertion that the trial court erred in granting extradition while his convictions in DeKalb County were "being appealed," i.e., while the motion for new trial is pending. OCGA § 42-5-50,[1] cited in Bradford's petition for writ of habeas corpus, does not bar his extradition. See *House v. Grimes*, 214 Ga. 572 (105 SE2d 745) (1958). The statute addresses the situation in which defense counsel certifies to the court that it is required that the convicted person remain in the local jail or lockup rather than being transferred to the assigned correctional institution in order to properly prosecute an appeal of the conviction. That is not the situation in this case.

Nevertheless, the apparent purpose of the statute is to afford the attorney easier access to the convicted person for his assistance in preparing and prosecuting an appeal. *Schwindler v. State*, 261 Ga. App. 30, 32 (3) (581 SE2d 619) (2003). The trial court's order allows Bradford's counsel ample access to him in order to prepare for the hearing on his motion for new trial.

2. Bradford contends that the trial court erred in denying him a continuance for the habeas corpus hearing as his counsel was unpre-

---

[1] OCGA § 42-5-50 (c) states:

In the event that the attorney for the convicted person shall file a written request with the court setting forth that the presence of the convicted person is required within the county of the conviction, or incarceration, in order to prepare and prosecute properly the appeal of the conviction, the convicted person shall not be transferred to the correctional institution as provided in subsection (b) of this Code section. In such event the convicted person shall remain in the custody of the local jail or lockup until all appeals of the conviction shall be disposed of or until the attorney of record for the convicted person shall file with the trial court an affidavit setting forth that the presence of the convicted person is no longer required within the county in which the conviction occurred, or in which the convicted person is incarcerated, whichever event shall first occur.

pared because of the inability to secure the presence of witnesses who would have proven Bradford's whereabouts at the times of the commissions of the crimes in Louisiana, thus mandating the grant of habeas corpus. He urges that this lack of preparation rendered his trial counsel ineffective. But this complaint is unavailing.

> Where a habeas corpus petitioner is being held under a governor's warrant based on an extradition proceeding, the warrant, if valid on its face raises the presumption that the governor complied with the Constitution and law, and the burden is on the petitioner to show a "valid and sufficient reason" why the warrant should not be executed. *Baldwin v. Grimes*, 216 Ga. 390 (116 SE2d 207) (1960).

*Jenkins v. Garrison*, 265 Ga. 42, 45 (3) (453 SE2d 698) (1995). Bradford sought the continuance in order to attempt to procure evidence that he was not a fugitive from justice. See *O'Bryant v. Brown*, 274 Ga. 534 (558 SE2d 2) (2001).

But, in general, the party applying for a continuance must show the exercise of due diligence. *Branton v. State*, 258 Ga. App. 221, 222 (2) (573 SE2d 475) (2002). Here, the record shows that even though Bradford had ample notice of the March 19 hearing, he did not inform counsel of his potential witnesses until a few days before the hearing, and even then, the list given to counsel had incomplete addresses and missing telephone numbers.

In any event,

> [t]he denial of a continuance in a habeas case is a discretionary ruling which will not be reversed absent a clear abuse of discretion. *McCorquodale v. Stynchcombe*, 239 Ga. 138, 139 (1) (a) (236 SE2d 486) (1977). The absence of [Bradford's] witnesses did not demand the grant of . . . [a] continuance, since "unpreparedness or the lack of due diligence alone will not suffice. . . ." *Davis v. Thomas*, 266 Ga. 835, 838 (471 SE2d 202) (1996).

*O'Donnell v. Durham*, 275 Ga. 860 (1) (573 SE2d 23) (2002).[2]
The trial court's judgment stands.
*Judgment affirmed. All the Justices concur.*

---

[2] The trial court made no ruling in the order now appealed regarding any assertion by Bradford that his counsel was ineffective in challenging the extradition because of lack of preparation. However, it should be noted that a defendant cannot fail to cooperate with his counsel and "then claim that, because of that lack of cooperation, he was not effectively represented." *Rivers v. State*, 250 Ga. 303, 308 (6) (298 SE2d 1) (1982).

DECIDED SEPTEMBER 15, 2003.

Kenneth Bradford, *pro se.*
J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, David S. McLaughlin, Assistant Attorney General, for appellee.