S04A1795. MARTIN et al. v. HENRY COUNTY WATER AND SEWERAGE AUTHORITY.
(610 SE2d 509)

SEARS, Presiding Justice.

In this condemnation action, a special master awarded the appellants, Paul and Sara Martin, $6,500 as just and adequate compensation. Being dissatisfied with the award, the Martins appealed to superior court.[1] In superior court, a jury awarded the Martins $6,900 for the property, and the trial court awarded the appellee, the Henry County Water and Sewerage Authority (Henry County) $3,500 in attorney fees pursuant to OCGA § 22-2-84.1. On

[1] See OCGA § 22-2-112.

appeal to this Court, the Martins contend, among other things, that the trial court erred by ruling against their claim that OCGA § 22-2-84.1 is unconstitutional. For the reasons that follow, we affirm.

1. OCGA § 22-2-84.1 (a) provides that if a condemnee appeals a special master's award to superior court and if the appeal does not result in an increase to the master's award of at least 20%, the condemnee "shall be liable for reasonable expenses incurred by the condemnor in determining just and adequate compensation in the superior court." Similarly, OCGA § 22-2-84.1 (a) provides that if a condemnor appeals a special master's award to superior court and if the appeal does not result in a decrease to the master's award of at least 20%, the condemnor "shall be liable for reasonable expenses incurred by the condemnee in determining just and adequate compensation in the superior court." OCGA § 22-2-84.1 (b) provides that "reasonable expenses include, without being limited to, attorney[ ] fees."

The Martins contend that OCGA § 22-2-84.1 is unconstitutional because, if they are required to pay the appellee's attorney fees, it will diminish the amount of compensation they receive, and thus violate their constitutional right to receive just and adequate compensation.[2] We disagree.

To begin, it is well-settled that there is no constitutional right in condemnation cases to a jury trial on the issue of just and adequate compensation.[3] In this regard, this Court has held that the method for determining just and adequate compensation is a matter of legislative discretion; that the assessment of just and adequate compensation by a special master satisfies the constitutional requirement that a property owner receive just and adequate compensation for his or her property; and that the General Assembly could provide that the award of compensation by a special master is final and unappealable.[4] Moreover, under the special master method, the actual taking of the condemnee's property is authorized to occur before the resolution of any value issue raised by a condemnee on appeal.[5] Finally, because the right to take an appeal to superior court and have a jury trial on the value issue is a matter of legislative grace, the legislature

---

[2] See 1983 Ga. Const. Art. I, Sec. III, Par. I (a), which provides that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid."

[3] *Dept. of Transp. v. Gibson*, 251 Ga. 66, 68 (303 SE2d 19) (1983); *Sweat v. Ga. Power Co.*, 235 Ga. 281, 283 (219 SE2d 384) (1975); *Anthony v. State Hwy. Dept.*, 215 Ga. 853, 855-856 (113 SE2d 768) (1960).

[4] *Anthony*, 215 Ga. at 855-856.

[5] See OCGA § 22-2-111; *Styers v. Atlanta Gas Light Co.*, 263 Ga. 856, 858 (439 SE2d 640) (1994).

is free to impose conditions on the exercise of the right to appeal.[6] These considerations support the conclusion that, by conditioning an appeal to superior court on the payment of costs in the manner specified by the legislature, OCGA § 22-2-84.1 does not violate a property owner's right to receive just and adequate compensation before a taking of his property occurs.

In this regard, other courts have held that, when a property owner appeals an award of a tribunal established to satisfy the requirement of just and adequate compensation being paid, the State may impose the costs of that appeal upon the property owner without violating the owner's right to just and adequate compensation.[7]

> When the compensation has once been ascertained by a competent tribunal, at the expense of the condemning party, the law has done all for the owner which the constitution requires. If the owner is given a right of appeal or review, it may be upon such terms as to costs as the legislature may deem just. . . . (2 Lewis, Eminent Domain, § 812 (559) at 1436).

> Where the owner is dissatisfied with the amount of damages awarded him in the first instance, and takes an appeal or other proceedings to have a re-assessment of the damages, it is usual to provide that he shall pay the costs of the appeal. . . . (2 Lewis, Eminent Domain, § 815 (562) pp. 1438 and 1439).[8]

In fact, some courts have gone so far as to hold that if a condemnor appeals a determination of compensation by an initial tribunal such as a special master and prevails on appeal, a statute that permits the condemnor to recover the expenses of the appeal does not violate a property owner's right to just and adequate compensation.[9] Although OCGA § 22-2-84.1 does not go as far as these cases, and although we do not indicate our approval of the holdings in these cases, they

---

[6] *Anthony*, 215 Ga. at 855-856.

[7] *Antley v. Mississippi State Hwy. Comm.*, 318 So2d 847, 850 (Miss. 1975); *State v. Miller Home Dev.*, 65 NW2d 900, 904 (Minn. 1954); *State Hwy. Dept. v. Rascher*, 169 SW2d 941, 943 (Mo. 1943); *City of Oakland v. Pacific Coast Lumber & Mill Co.*, 156 P. 468 (Cal. 1916); *Turnblad v. District Court of Hennepin County*, 91 NW 1111, 1112 (Minn. 1902). See also Annotation, Liability for Costs on Appeal Relating to Amount of Condemnation Award, 50 ALR2d 1386 (1956) ("[I]f the landowner is dissatisfied with the first award [by special master or other tribunal], he is subject to imposition against him of the appeal costs under the proper circumstances.").

[8] *Antley*, 318 So2d at 850. Accord 1A-4 Nichols on Eminent Domain § 4.109.

[9] *Moffat v. Denver*, 143 P. 577, 580-581 (Colo. 1914); *Kelly v. Oklahoma Turnpike Auth.*, 269 P2d 359, 364-365 (Okla. 1954).

support the proposition that, when a property owner initiates an appeal following an award by an initial tribunal, he may be required to pay the costs of the appeal without violating his right to just and adequate compensation.

Because the appeal permitted by the Special Master Act is a matter of legislative grace, and because a property owner does not have a constitutional right to a trial by jury on the question of just and adequate compensation, we conclude that OCGA § 22-2-84.1 (a) does not violate a property owner's constitutional right to receive just and adequate compensation before a taking of his property occurs.

2. Contrary to the Martins' claim, we conclude that, through the testimony of the attorney who handled the appeal to superior court and the introduction of the billing records regarding the appeal,[10] the trial court was authorized to award $3,500 to the appellee for its attorney fees for litigating the value issue on appeal.[11]

3. The Martins claim that the trial court violated their right to due process by failing to grant them a continuance to review 64 pages of billing records that the appellee's attorney offered into evidence on the day of the hearing on attorney fees. We find no error.

The Martins correctly contend that a party opposing a claim for attorney fees has the right to confront and challenge testimony on the issue of attorney fees.[12] Here, the Martins were notified on January 30, 2003, that a hearing would take place on March 19, 2003, for the purpose of determining whether the appellee was entitled to attorney fees. Despite this notice, the Martins made no request for discovery regarding the issue. Moreover, although the trial court denied the Martins' request for a continuance, the appellee's attorney testified at the hearing on attorney fees and was subjected to an extended cross-examination.

Under the foregoing circumstances, we cannot conclude that the trial court abused its discretion in denying a continuance or that the trial court denied the Martins due process in doing so.[13]

4. The Martins contend that the trial court erred in charging the jury on "temporary inconvenience" and thus diminished their ability to recover compensation attributable to the loss of mature hardwood trees on the area of the temporary construction easement. We disagree. The court properly charged the jury on determining consequential damage to the remainder of the Martins' property and

---

[10] See *Doe v. HGI Realty*, 254 Ga. App. 181 (561 SE2d 450) (2002).

[11] See OCGA § 22-2-84.1 (d).

[12] *Hallman v. Emory Univ.*, 225 Ga. App. 247, 252 (483 SE2d 362) (1997).

[13] See *Bradford v. Brown*, 277 Ga. 92, 94 (586 SE2d 631) (2003).

properly charged on "mere inconvenience."[14] Moreover, the trial court permitted the Martins to offer expert testimony regarding the damage caused by the removal of the trees in question. In sum, we conclude that the court's charge permitted the jury to determine whether the loss of the trees on the location of the temporary easement was a loss special to the Martins and thus compensable.[15]

5. The Martins contend that the trial court erred by failing to permit them to cross-examine one of the appellee's witnesses concerning the reason for his resignation from a tax assessor's job in 1986. We conclude, however, that the trial court did not abuse its broad discretion to limit cross-examination about a subject that, at best, was marginally relevant.[16]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 2005 —
RECONSIDERATION DENIED APRIL 14, 2005.

*Chamberlain, Hrdlicka, White & Williams, Eric C. White, Richard N. Hubert, Charles Clark III*, for appellants.

*Smith, Welch & Brittain, A. J. Welch, Jr., William A. White*, for appellee.

[14] *Buck's Svc. Station v. Dept. of Transp.*, 259 Ga. 825, 827 (387 SE2d 877) (1990); *Hillman v. Dept. of Transp.*, 257 Ga. 338 (359 SE2d 637) (1987).
[15] *Buck's Svc. Station*, 259 Ga. at 827; *Hillman*, 257 Ga. at 340.
[16] See *King v. State*, 273 Ga. 258, 273 (30) (539 SE2d 783) (2000); *Kinsman v. State*, 259 Ga. 89, 92, n. 2 (376 SE2d 845) (1989).