**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 4, 2012**

# In the Court of Appeals of Georgia

A12A0535. ALEXANDER v. DEPARTMENT OF REVENUE.

BLACKWELL, Judge.

The Department of Revenue determined that Herald J. A. Alexander underpaid his income taxes for several years, and it assessed additional taxes, as well as penalties and interest, against him, an assessment with which Alexander does not agree. The law recognizes a number of procedures by which a taxpayer can dispute such an assessment, and Alexander elected to dispute his assessment by commencing proceedings under the auspices of the Administrative Procedures Act.[1] The dispute

---

[1] To dispute such an assessment of taxes, a taxpayer may pay the tax and file a claim for a refund, OCGA § 48-2-35, file an appeal of the assessment with the superior court, OCGA § 48-2-59, await the issuance of a writ of execution and then dispute the tax with an affidavit of illegality, OCGA § 48-3-1, or seek administrative review of the assessment under the Administrative Procedures Act, OCGA § 50-13-12. When a taxpayer elects to seek administrative review, the review procedures set out in the Administrative Procedures Act are his exclusive remedies. See OCGA § 50-

was referred for initial decision to an administrative law judge with the Office of State Administrative Hearings (OSAH), see OCGA § 50-13-41, and the administrative law judge entered an initial decision affirming the assessment.[2] Alexander never asked the Commissioner of Revenue to review this initial decision, and he instead waited until the passage of time turned the initial decision of the administrative law judge into the final decision of the Department by operation of law, see OCGA § 50-13-41 (e) (1),[3] and then filed a petition for judicial review in the superior court.[4] See OCGA § 50-13-19. Concluding that Alexander had failed to

---

13-12 (d).

[2] The administrative law judge entered the initial decision on February 7, 2011. Alexander moved the administrative law judge for reconsideration of that initial decision, but the administrative law judge denied the motion for reconsideration on February 18, 2011.

[3] Generally speaking, the Department has 30 days in which to reject or modify the initial decision of an administrative law judge, and if it fails to do so within 30 days of the initial decision, "then the decision of the administrative law judge shall stand affirmed by the [Department] by operation of law." OCGA § 50-13-41 (e) (1). In some circumstances, however, the Department may extend its time to review the initial decision. See OCGA § 50-13-41 (e) (2).

[4] Alexander filed his petition for judicial review on March 16, 2011.

exhaust his administrative remedies, the court below dismissed his petition. Alexander appeals,[5] and we affirm.

When a final decision is rendered by an agency in a contested case, judicial review of that decision under the Administrative Procedure Act is available only to those who have "exhausted all administrative remedies available within the agency." OCGA § 50-13-19 (a). See also OCGA § 50-13-19 (c) ("[N]o objection to any order or decision of any agency shall be considered by the court upon petition for review unless such objection has been urged before the agency."); *Fulton County Taxpayers Foundation v. Public Service Comm.*, 287 Ga. 876, 878-879 (2) (700 SE2d 554) (2010); *Dept. of Transp. v. Gibson*, 251 Ga. 66, 69 (1) (303 SE2d 19) (1983). The court below concluded that Alexander did not exhaust his administrative remedies because he failed to ask the Commissioner to review the initial decision before it became final. Alexander does not dispute his obligation to exhaust the administrative remedies available to him, but he contends that he could not properly have sought review by the Commissioner of the initial decision because OCGA § 50-13-41, which

---

[5] Alexander filed a timely application for discretionary review of the dismissal of his petition, and we granted that application. See OCGA § 5-6-35 (a) (1). This appeal followed.

sets out the procedures for proceedings before an administrative law judge with OSAH, makes no express provision for such review. We are not persuaded.

It is true, as Alexander notes, that OCGA § 50-13-41 itself says nothing about an aggrieved party applying to an agency for review of the decision of an administrative law judge. But the statute clearly makes provision for an agency to undertake such review, inasmuch as it unambiguously provides that "[a] reviewing agency shall have a period of 30 days following the entry of the decision of the administrative law judge in which to reject or modify such decision." OCGA § 50-13-41 (e) (1). If an agency is authorized to undertake such a review, there appears no reason why an interested party could not ask the agency to do so. More important, OCGA § 50-13-41 also provides that, "[e]xcept as otherwise provided in this article, in all cases every decision of an administrative law judge shall be treated as an initial decision as set forth in [OCGA § 50-13-17]." OCGA § 50-13-41 (d). And OCGA § 50-13-17 clearly contemplates applications to an agency to review initial decisions in contested cases. OCGA § 50-13-17 (a). Accordingly, even when an agency refers administrative proceedings to an administrative law judge with OSAH for an initial decision pursuant to OCGA § 50-13-41, a person aggrieved by the initial decision can make application to the agency under OCGA § 50-13-17 for review of that initial

4

decision.[6] Alexander failed in this case to do so, and he did not, therefore, exhaust the administrative remedies available to him. For that reason, the court below properly dismissed his petition for judicial review.

*Judgment affirmed. Mikell, P. J., and Miller, J., concur.*

---

[6] Alexander argues that an application for agency review cannot possibly be available to an aggrieved party when the initial decision was rendered by an administrative law judge under OCGA § 50-13-41, inasmuch as a party is allowed 30 days following an initial decision to make an application for review under OCGA § 50-13-17 (a), but the agency itself has only 30 days after an initial decision by an administrative law judge to "reject or modify" it. See OCGA § 50-13-41 (e) (1). If a party made an application for agency review on the 30th day, he says, the agency could not possibly be expected to undertake such review and "reject or modify" the initial decision on the same day. We note, however, that OCGA § 50-13-41 (e) (2) expressly permits an agency to extend its time to review the initial decision of an administrative law judge "in any case wherein unusual and compelling circumstances render it impracticable for the reviewing agency to complete its review within [the original 30-day] period." An application for review filed on the 30th day, it seems to us, might well present such circumstances.